FILED 10 AUG 11 10:36USDC-ORE

UNITED STATES DISTRICT COURT
FOR OREGON
EUGENE DIVISION

| | | |
|---|---|---|
| Lawrence James Saccato<br>Plaintiff ProSe' | § § § | Case No: 10-6244-AA |
| | § | COMPLAINT |
| Vs. | § § | |
| | § | (Unlawful Debt Collection |
| | § | Practices under 15 USC 1692 |
| Davis Law Firm | § | et. seq, and ORS 646.639 et. seq.) |
| | § | (Unlawful Fair Credit Reporting |
| Defendant | § | under 15 USC §1681, et seq) |
| | § | |
| U.S. Bank National Association N.D.<br>Co-Defendant | § § | Trial By Jury Demanded |
| | § | |
| Does 1 through 10 | § | |

### PLAINTIFFS' STATEMENT OF CLAIM

COMES NOW the Plaintiff, Lawrence James Saccato the Plaintiff at all times is a resident of Oregon and the County of Douglas. As such establishing the jurisdiction of this honorable Court.

Plaintiff respectfully submits Plaintiffs Statement of Claim and reserves the right to amend the complaint with Does 1 through 10 as they are identified.

### Statement of Claim against Davis Law Firm, and Does 1 through 10.

The Defendant Davis Law Firm is a 3rd party debt collector located at 12220 SW First Street, Beaverton, Oregon, 97005 as such is governed under the law by The Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p et seq. and also may report these alleged debts to the national credit reporting agencies i.e. Trans Union, Equifax and Experian and Innovis. As such the Defendant may also be also governed under the law by The Fair Credit Reporting Act 15 USC §1681, et seq. The State of Oregon abides by and adheres to these laws thus establishing the jurisdiction of this honorable court. Specifically section 813 of the FDCPA [15 U.S.C. §1692k (d)] and 618 of the FCRA [15 U.S.C. § 1681p].

The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant.

Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt/account is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendant's in an attempt to collect the alleged debt and if applicable reporting of same to the credit bureaus, violated the civil rights of the Plaintiffs and the law as outlined in the Debt Collection Practices Act, 15 U.S.C. §1692-1692p et seq. and the Fair Credit Reporting Act 15 USC §1681, et seq.

1.

On or about January 27, 2010, Defendant sent a letter to the Plaintiff in reference to an alleged account owed.

2.

On or about February 23, 2010, the Plaintiff sent a letter of validation to the Defendant demanding proof of the alleged account that was claimed as owed.

3.

On or about March 10, 2010, the Defendant sent another letter of DEMAND for payment for an alleged account that was claimed as owed.

4.

On or about March 25, 2010, the Plaintiff sent a letter of validation to the Defendant demanding proof of the alleged account that was claimed as owed.

5.

On or about April 23, 2010, Plaintiff sent a letter of validation to the Defendant demanding proof of the alleged account that was claimed as owed.

6.

On or about April 27, 2010, Defendant sent a letter to the Plaintiff in reference to an alleged account owed.

7.

The Plaintiff again contacted the Defendant on or about July 22, 2010 with a letter of validation.

8.

To date there has been no proof of any alleged account from the Defendant and the Defendant has ceased to stop collection activities.

9.

The Defendant has failed to provide proof/validation of the alleged debt and failed to contact the Plaintiff within (5) five days of the Plaintiff's request for validation as outlined in the DCPA and has performed continued collection activity prior to providing proof of any alleged account. The Defendant has also Overshadowed in the letter dated April 27, 2010 " If you have any questions, or wish to discuss settlement arrangements, please contact this office at the phone number above"

The Defendant also Overshadowed in the letter May 25, 2010 by saying "Please consider this letter to be formal demand for payment to be made in care of this office within 10 days or or legal action may be taken".

10.

Violations under the DCPA:

Count I under DCPA: 15 USC 1692g

Continued collection activity prior to providing proof of the alleged account. After receiving request for validation on or about February 23, 2010, March 25, 2010, April 23, 2010 and July 22, 2010 the Defendant has continued collection activity up to an including today in violation of section [15 USC 1692g] of the DCPA at $1000.00 per month times 6 months.

Plaintiff demands Judgment for $6,000.00

11.

Count II under DCPA

§ 809. Validation of debts 15 U.S.C. §1692g(b)

By indicating to the Plaintiff to "If you have any questions, or wish to discuss settlement arrangements, please contact this office at the phone number above" and "Please consider this letter to be formal demand for payment to be made in care of this office within 10 days or or legal action may be taken" in their letter of response.

Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor

Overshadowing 1996 U.S. Dist. LEXIS 22555, * DEBRA TYCHEWICZ, Plaintiff, v. RICHARD DOBBERSTEIN d/b/a CREDIT ASSOCIATES, Defendant. 96-C-0195-S Plaintiff demands $2000.00

Plaintiff re-alleges paragraphs 1 through 11 as though fully set forth herein.

12.

### Statement of Claim against US Bank National Association N.D.

The Co-Defendant U.S. Bank National Association, N.D. P.O. Box 108, Saint Louis, MO 63166, aka US Bank is a creditor and furnisher of information to the national credit reporting agencies within the meaning of Fair Credit Reporting Act 15 USC §1681, et seq.

The State of Oregon abides by and adheres to these laws thus establishing the jurisdiction of this honorable court. Specifically section 618 of the FCRA [15 U.S.C. § 1681p].

The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Co-Defendant.

Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt/account is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Co-Defendant in their reporting of erroneous and inaccurate information and their failure to mark the Plaintiff's credit report in dispute and reporting of erroneous information to the credit bureaus, violated the civil rights of the Plaintiffs and the law as outlined in the Fair Credit Reporting Act 15 USC §1681, et seq.

13.

Violations under FCRA:

On or about June 15, 2009 the Plaintiff contacted US Bank, P.O. Box 108, Saint Louis, MO 63166 via U.S.P.S. First Class Mail with a letter with notice of dispute to information they were reporting in the Plaintiffs credit reports. To date the Co-Defendant has not responded to the Plaintiffs dispute. The Plaintiff on or about May 25, 2009 and March 12, 2010, also disputed these trade lines within the Plaintiffs' credit report by certified letter to all three of the national credit reporting agencies Trans Union, Experian and Equifax. They have responded that they are reporting the information correctly.

14.

Count III under FCRA

Reporting erroneous and inaccurate information in the Plaintiffs Credit Report. Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]: of the FCRA as the Co-Defendant has not provided any proof of any alleged account/debt to the Plaintiff.

$1000.00 for each month the Co-Defendant has reported the erroneous and inaccurate information in each of the Plaintiffs credit reports.

Plaintiff demands judgment in the amount of $42,000.00.

15.

Count IV under FCRA

Failure to mark the Plaintiffs credit report in Dispute section [15 U.S.C. § 1681s-2] under FCRA upon notice of Dispute sent to the Co-Defendant on or about April 22, 2009 the Co-Defendant has failed to mark the Plaintiff's credit report in Dispute through today. $1000.00 for each month the defendant has failed to mark the account in dispute in each credit bureau.

Plaintiff demands judgment in the amount of $42,000.00

Plaintiff realleges paragraphs 1 through 15 as though fully set forth herein.

16.

Count V

INJUNCTIVE RELIEF SOUGHT

Injunctive relief is provided by 15 U.S.C. § 1681 and 15 U.S.C. §1692.

WHEREFORE, Plaintiff demands that the Court, mandatorily, enjoin Defendants Davis Law Firm and US Bank from attempting to collect on any alleged debt or account.

And the Plaintiff demands that the Court mandatorily, enjoin the Defendants to permanently delete any derogatory information on Plaintiffs credit reports that are inaccurate, misleading and/or unverifiable.

Plaintiff also seeks private attorney generals fees in the amount of $3,000.00 as it has been determined that pro se litigants are entitled to the same fees as a licensed bar attorney would receive for his services. (see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)"The concept of the "private attorney general" refers to private individuals who institute actions to enforce certain statutes, where such private enforcement actions are the intended, and sometimes only, means of enforcement. The award of reasonable attorney's fees provides an incentive for individuals to "serve" as private attorneys general. See, e.g., Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991). "

The Law of Agency applies in this matter.

Plaintiff re-alleges paragraphs 1 through 16 as though fully set forth herein.

Summation:

Plaintiff has a negatively impacted credit score and credit report as of this date and has been denied credit and/or denied credit at reasonable rates because of the willful noncompliance and negligent actions of erroneous and inaccurate reporting and collection's and/or inaction's of the Defendant's.

WHEREFORE, the Defendant's have violated the Fair Credit Reporting Act and the Debt Collections Practices Act. Plaintiff demands Judgment in the amount of $95,000.00, plus all costs of this action along with punitive damages in the amount of $50,000.00.

Respectfully submitted this 10th day of August, 2010.

*LAWRENCE JAMES SACCATO*
Lawrence James Saccato pro se'
C/o 6387 Old Hwy 99 S
Roseburg Oregon 97470
541-784-2284 mess.
Ljsaccato@gmail.com