**Christopher J. Kayser,** OSB #984244
cjkaser@larkinsvacura.com
**Danielle J. Hunsaker** OSB #045365
dhunsaker@larkinsvacura.com
**Larkins Vacura LLP**
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
Telephone:  503-222-4424
Facsimile:  503-827-7600
Attorneys for U.S. Bank National Association

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

**LAWRENCE JAMES SACCATO,**

|  |  |
|---|---|
| Plaintiff Pro Se, | Case No. 6:10-cv-06244-AA |

v.

**DAVIS LAW FIRM**,

**DEFENDANT U.S. BANK'S**
**MEMORANDUM IN SUPPORT OF**
Defendant,              **MOTION TO DISMISS**

**U.S. BANK NATIONAL ASSOCIATION**
**N.D.,**              Co-Defendant.

**DOES 1 THROUGH 10.**

## INTRODUCTION

Plaintiff Lawrence James Saccato alleges two Fair Credit Reporting Act ("FCRA")

claims against defendant U.S. Bank National Association ("U.S. Bank") in its capacity as a

"furnisher" of consumer credit information, and he seeks injunctive relief.  However, because

plaintiff's allegations fail to state a claim upon which any relief can be granted, all of his claims

against U.S. Bank should be dismissed under Fed. R. Civ. P. 12(b)(6).

**ARGUMENT**

**A.)    Legal Standard**

When a plaintiff "fail[s] to state a claim upon which relief can be granted," this court

must dismiss that claim.  Fed R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)); *see also Doe 1 v. Wal-Mart Stores, Inc.*, 575 F.3d 677, 683 (9th Cir. 2009) (plaintiff

must do more than offer naked "labels and conclusions, and a formulaic recitation of the

elements of a cause of action") (quoting *Twombly*, 550 U.S. at 555).  While the allegations need

not be probable, "sheer possibility" is insufficient – the allegations must be "plausible."  *Iqbal*,

129 S. Ct. at 1949.  Further, the court must ignore inconsistent allegations pled in support of a

single claim for relief, as well as "allegations contradicting documents that are referenced in the

complaint or that are properly subject to judicial notice."  *Lazy Y Ranch Ltd. v. Behrens*, 546

F.3d 580, 588 (9th Cir. 2008).

**B.)    The Duties of a "Furnisher" Under FCRA.**

In this case, plaintiff asserts two FCRA claims against U.S. Bank in the bank's capacity

as a "furnisher" of consumer credit information.  Plaintiff alleges that inaccurate information

furnished by U.S. Bank is being reported on his credit report and that the information was not

corrected or identified as disputed after U.S. Bank was notified of the dispute.  In the area of

consumer credit, a "furnisher" is the party that provides the information that appears on credit

reports.  *See generally* 15 U.S.C. § 1681s-2.  Creditors and account holders are generally

"furnishers" of credit report information.  "Credit reporting agencies" or "CRAs" are the parties

that "assembl[e] or evaluat[e] consumer credit information . . . for the purpose of furnishing

consumer reports to third parties." 15 U.S.C. § 1681a(f). The three primary CRAs are Equifax, Experian, and TransUnion.

The duties of a credit information "furnisher" under FCRA are governed by Section 1681s-2, the provision upon which plaintiff bases his claims against U.S. Bank. (Compl. at ¶¶ 14-15.) Under subsection (a) of this provision, furnisher's are obligated to "provide accurate information." 15 U.S.C. § 1681s-2(a); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). As a part of this duty, subsection (a) provides that if a *consumer* notifies the furnisher that the consumer disputes the "completeness or accuracy of any information furnished . . . to any consumer reporting agency," the furnisher must indicate that a dispute exists when reporting that information to the credit reporting agencies. 15 U.S.C. § 1681s-2(a)(3).

Additionally, under Section 1681s-2(b), furnishers are obligated to, among other things, investigate disputed credit information and report the findings of its investigation to the CRAs reporting the information. *Id.* § 1681s-2(b)(1). The duties under subsection (b), however, are only triggered if a furnisher learns of a dispute *from a CRA. Id.*; *Gorman*, 584 F.3d at 1154. "[N]otice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at 1154.

**C.)    Plaintiff Cannot State A Claim Under Subsection (a) Because There Is No Private Right of Action To Enforce This Provision.**

It is unclear under which subsection plaintiff asserts his Section 1681s-2 FCRA claims against U.S. Bank. To the extent these claims are based on subsection (a), however, they must be dismissed. Except in very limited circumstances not applicable here, FCRA does not provide a private right of action to enforce a furnisher's duties arising under subsection (a). 15 U.S.C. § 1681s-2(c); *Gorman*, 584 F.3d at 1154. A furnisher's duties under subsection (a) are "enforceable *only* by federal or state agencies." *Gorman*, 584 F.3d at 1154 (emphasis added).

DEFENDANT U.S. BANK'S MEMORANDUM IN SUPPORT                    Page 3
OF MOTION TO DISMISS

As such, as a matter of law, plaintiff cannot state a claim for relief against U.S. Bank under subsection (a).

**D.)    Plaintiff Failed to State A Claim For Relief Under Subsection (b).**

As discussed above, although a private right of action does exist to enforce a furnisher's duties under subsection (b), such duties are only triggered if the furnisher receives notice of a consumer dispute *from a CRA.* Notice of a dispute received directly from the consumer does not trigger a furnisher's duties under subsection (b), and, therefore, also does not trigger any liability under this provision. Thus, in order to state a claim under subsection (b), the plaintiff must allege facts showing that the defendant-furnisher received notice of the dispute at issue from a CRA. *See Gorman*, 584 F.3d at 1154; *see also Gonzalez v. Ocwen Fin. Servs., Inc.*, 2003 WL 23939563, *3 (N.D. Cal. 2003) (unpublished) (affirming Rule 12(b)(6) dismissal of Section 1681s-2(b) claim where plaintiff failed to allege the defendant-furnisher was notified of the dispute by a CRA); *McNall v. Credit Bureau of Josephine Co*, 689 F.Supp.2d 1265, 1273 (D. Or. 2010) (granting summary judgment where no evidence that furnisher received notice of dispute at issue from a CRA). The plaintiff's allegations must also demonstrate that a CRA's notification informed the defendant-furnisher of the plaintiff's specific dispute at issue in the litigation. If the furnisher is not made aware through a CRA of the plaintiff's specific dispute at issue, then the furnisher's duties with regard to that dispute are not triggered under subsection (b) and no legal claim can arise for violation of such duties. *See Herisko v. Bank of Am.*, 367 Fed. Appx. 793, *3 (9th Cir. 2010) (unpublished) (holding summary judgment proper where no evidence that CRA informed furnisher of dispute and even if it had, the consumer's dispute letter to the CRA raised a different issue than that raised in litigation).

Therefore, in order to state a proper Section 1681s-2 FCRA claim in this case, plaintiff

must allege that a CRA notified U.S. Bank that he disputed information reported on his credit report.  Such allegations are absent from plaintiff's Complaint.  Plaintiff alleges that U.S. Bank failed to prove "any alleged account/debt," (Compl. at ¶ 14), and failed to "mark the Plaintiff's credit report in Dispute section [15 U.S.C. § 1681s-2] under FCRA upon notice of Dispute sent to [U.S. Bank]" (Compl. at ¶ 15).  He further alleges that "[o]n or about June 15, 2009 *the Plaintiff* contacted U.S. Bank . . . via U.S.P.S. First Class Mail with a letter with notice of dispute to information they were reporting in [his] credit reports."  (Compl. at ¶ 13 (emphasis added).)  These allegations fail to state a claim under Section 1681s-2 because there is no indication from these facts that any duty U.S. Bank may have owed under FCRA was ever triggered.

Plaintiff does also allege that he notified the three main CRAs of a dispute and that they responded to him that "they are reporting the information correctly."  (Compl. at ¶ 13.)  This is also insufficient, however, because there is no indication that any of the CRAs ever reported the dispute to U.S. Bank.  *Gonzalez*, 2003 WL 23939563 at *3.  Likewise, nowhere in plaintiff's Complaint does he identify the credit account at issue or the specific information reported on his credit report that he claims is inaccurate.  As such, even if the CRAs did report his dispute to U.S. Bank, which plaintiff does not allege, there is no way to know whether the alleged complaints that he made to the CRAs are the same complaints that he is asserting now.  For all of these reasons, plaintiff has failed to state a claim that U.S. Bank's obligations under subsection (b) have been triggered, let alone violated sufficient to warrant an award of money damages.  FRCP 12(b)(6); *Gonzalez*, 2003 WL 23939563 at *3.

**E.)    Plaintiff's Claim For Injunctive Relief Against U.S. Bank Should Also Be Denied.**

Because plaintiff has failed to allege *any* facts concerning the account or debt at issue and

DEFENDANT U.S. BANK'S MEMORANDUM IN SUPPORT    Page 5
OF MOTION TO DISMISS

what information reported on his credit report that he contends is inaccurate, and because his allegations fail to establish as a matter of pleading that U.S. Bank has done anything wrong in this case, plaintiff's claim for injunctive relief must fail.  There is no basis for plaintiff's legal claims to proceed, and there is no basis upon which the Court can award him injunctive relief on the current allegations.

## CONCLUSION

For all of these reasons, defendant U.S. Bank respectfully requests that the claims asserted against it by plaintiff be dismissed and that it be dismissed as a party to this action.

Dated: November 29, 2010.

LARKINS VACURA LLP

/s/ Danielle J. Hunsaker
Christopher J. Kayser OSB #984244
Danielle J. Hunsaker, OSB #045365
Attorneys for U.S. Bank National Association