IN THE UNITED STATES DISTRICT COURT
FOR OREGON EUGENE DIVISION

Honorable Ann Aiken

| | | |
|---|---|---|
| LAWRENCE JAMES SACCATO, | § § | CIVIL ACTION NO.10-06244-AA |
| Plaintiff, ProSe' | § § | |
| vs. | § § § § | MEMORANDUM IN SUPPORT OF PLAINTIFF"S OPPOSITION TO U.S. BANK NATIONAL ASSOCIATION N.D. MOTION TO DISMISS |
| DAVIS LAW FIRM, | § § § | |
| Defendant | § § | |
| U.S. BANK NATIONAL ASSOCIATION N.D. | § § § § | (Unlawful Debt Collection Practices under 15 USC 1692 *et. seq*, and ORS 646.639 *et. seq*.) (Unlawful Fair Credit Reporting under 15 USC §1681, *et seq*) |
| Co-Defendant | § § | |
| Does 1 through 10 | § | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF"S OPPOSITION TO DEFENDANT, U.S. BANK NATIONAL ASSOCIATION N.D.'S MOTION TO DISMISS

(1)

Comes now the Plaintiff, Lawrence James Saccato and hereby submits this memorandum in support of its Motion in Opposition to the Co-Defendant, U.S. Bank National Association N.D. (U.S. Bank) Motion to Dismiss. The Plaintiff brought this action against the Defendant, Davis Law Firm and the Co-Defendant U.S. Bank and other un-named Defendants Does 1 through 10, for violations of Plaintiffs Civil Rights by under the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692-1692p. and the (FCRA) 15 U.S.C. § 1681, *et seq* respectively. U.S. Bank is a "furnisher" and reports to the three national credit reporting agencies.

(2)
## LR 7-1 Certification

On November 24, 2010 at 11:00 am, Plaintiff held a telephonic conference with Danielle Hunsaker, U.S. Bank's counsel of record and discussed U.S. Banks intention of filing a motion to dismiss. The parties have conferred on the subject matter of this motion, despite a good faith effort, have been unable to resolve the dispute.

(3)
## U.S. BANK'S Motion to Dismiss Pursuant to FRCP 12(b)(6) Should be Denied

Pursuant to Federal Rules of Civil Procedure 12(b) (6), and the jurisprudence construing same, when faced with a Motion to Dismiss under Rule 12(b) (6), the court must treat the facts alleged in the complaint as admitted. *Ward v. Hudnall*, 366 F.2d 247 (5th Cir. 1966); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Furthermore, the complaint is sufficient if it shows that plaintiff is entitled to any relief, regardless of whether it alleged the proper theory of the case. *Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772 (7th Cir. 1974); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1833 (1989). Plaintiff's allegations must be treated and presumed as true and correct in all respects and plaintiff's factual allegations are to be liberally construed so that plaintiff is likewise afforded each and every favorable inference to be drawn there from. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683 (1974); *Miree v. Dekalb County, Georgia*, 433 U.S. 25, 97 S.Ct. 2490 (1977). If admitted and taken as true, the allegations of the plaintiff's complaint do state claims upon which relief can be granted. Motions to Dismiss are **not favored** and are **granted only** when it appears to a certainty that no set of facts could be proven at trial which would entitle plaintiff to any relief. *Dann v. Studebaker-Packard Corp.*, 288 F.2d 201 (6th Cir. 1961). In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts must accept as true all of the factual allegations pleaded in the complaint and draw all reasonable

inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001).

*Erickson*, 127 S.Ct. at 2200. **In *Erickson*,** the Supreme Court stressed the *pro se* status of the plaintiff in *Erickson* — a far cry from the highly sophisticated antitrust counsel in *Bell Atlantic*: The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed *pro se* is " to be liberally construed," *Estelle [v. Gamble]*, 429 U.S. [97] at 106, 97 S.Ct. 285, and " a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid.* (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) (".. All pleadings shall be so construed as to do substantial justice" ).

**And,**

Federal Rule of Civil Procedure 8(a)(2) requires only " <u>a short and plain statement of the claim showing that the pleader is entitled to relief.</u>" <u>Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... the claim and the grounds upon which it rests.'"</u> *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, ----, 127 S.Ct. 1955, --- L.Ed.2d ----, ---- ---- (2007) (slip op., at 7- (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In addition, when ruling on a defendant's motion to dismiss, <u>a judge must accept as true all of the factual allegations contained in the complaint.</u> *Bell Atlantic Corp., supra,* at 1955, 127 S.Ct. 1955 (slip op., at 8-9) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). *Erickson*, 127 S.Ct. at 2200.

This case is about what U.S. Bank and its agents employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, **did or did not do when challenged under FCRA**. These laws are geared directly at the debt reporting

practices and compliance. It is what they are supposed to do when challenged with disputes and their practices after receiving such notice from the consumer.

### (4)
### Defendant US Bank in (B) of its Motion to Dismiss discusses the duties of credit furnishers.

In its Motion to dismiss, US Bank's Counsel turns to Gorman v. Wolpoff & Abramson L.L.P, 584 F3d 1147, 1154 (9th Cir.2009) to infer to the Court the proper application of the reporting requirements of furnishers pursuant to 15 U.S.C. § 1681s-2(a).

On or about June 15, 2009 and again on or about April 15, 2010, Plaintiff contacted the 3 National Credit Reporting agencies, Equifax, Experian and Transunion with a letter(s) disputing the alleged account with U.S. Bank via Certification of Notary Presentment and USPS Certified No.(s) 70072680000255257279, 70072680000255257262, and 70072680000025525786 respectively.

Plaintiff, on or about June 22, 2009 and again on April 15, 2010 contacted U.S. Bank at P.O. Box 108, Saint Louis Missouri via USPS First Class mail with Certification of Notary Presentment disputing the alleged trade line / account and any alleged debt. (Plaintiff will be glad to provide copies of all documents and proof of delivery during discovery). Defendant US Bank failed to do a proper investigation and failed to notify the Credit Reporting Agencies (CRA's) to mark the account in dispute as required.

Plaintiff will also points to Gorman, though its Appeal from the United States District Court for the Northern District of California 9th District No. 06-17226 D.C. No.; CV-04-04507-JW MBNA AMERICA BANK, N.A., OPINION, Filed January 12, 2009, " Gorman does have a **private right of action**, however, to challenge MBNA's subsequent failure to so notify the CRAs after receiving notice of Gorman's dispute under § 1681s-2(b). In addition to **requiring that a furnisher conduct a reasonable investigation of a consumer dispute**, **§ 1681s-2(b) also**

<u>requires a creditor, upon receiving notice of such dispute, to both report the results of the investigation *and*, "if the investigation finds that the information is incomplete or inaccurate, report those results" to the CRAs.</u>"

The Fourth Circuit has recently held that after receiving notice of dispute, a furnisher's decision to continue reporting a disputed debt without <u>any notation of the dispute</u> presents a cognizable claim under § 1681s-2(b). *See Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008). In *Saunders*, a consumer alleged that he incurred late fees and penalties as a result of a creditor's own admitted accounting errors; the creditor, Branch Banking & Trust (BB&T), refused to waive the fees, and the consumer responded by withholding payments on the loan. *Id.* at 145-46. BB&T reported the loan to the CRAs as "in repossession status," and, after suffering adverse credit decisions, the consumer contacted the CRAs to report the dispute. *Id.* at 146. The CRAs sent a notice of dispute to BB&T, triggering its obligations to investigate and verify the accuracy of the reported information under § 1681s-2(b)(1). BB&T responded by updating the consumer record to reflect that it had written off the debt as uncollectible, but failed to indicate that the consumer still disputed the validity of the obligation. *Id.* The consumer brought suit under § 1681s-2(b) and a jury found that BB&T had violated its obligations.

<u>The Fourth Circuit affirmed. The court reasoned that in enacting § 1681s-2(b)(1)(D), "Congress clearly intended furnishers to review reports not only for inaccuracies in the information reported but also for omissions that render the reported information misleading."</u> *Id.* at <u>148.</u>

(5)

Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, in 1970 "to ensure <u>fair and accurate credit reporting</u>, promote efficiency in the banking system, and <u>protect consumer privacy</u>." *Safeco Ins. Co. of Am. v. Burr*, 127 S.Ct. 2201, 2205 (2007). As an important means to this end, the Act sought to make "consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). In addition, to <u>ensure that credit reports are accurate,</u>

the FCRA imposes some duties on the sources that provide credit information to CRAs, called "furnishers" in the statute. Section 1681s-2 sets forth "[r]esponsibilities of furnishers of information to consumer reporting agencies," delineating two categories of responsibilities. Subsection (a) details the duty "to provide accurate information".

The OCC, Federal Reserve Board, FDIC, OTS, NCUA, and the FTC (Agencies) issued a joint final rule (Final Rule) under Section 312 of the Fair and Accurate Credit Transactions Act of 2003 (FACT Act), which amends the Fair Credit Reporting Act (FCRA). Section 623 of the FCRA describes the responsibilities of persons that furnish information about consumers (furnishers) to credit reporting agencies (CRAs). The Final Rule addresses the <u>accuracy and integrity</u> of reported information and <u>furnishers'</u> responsibility to <u>reinvestigate disputes</u> based on <u>direct disputes from consumers</u>. Furnishers are also required to establish policies and procedures to implement the requirements.

(6)

The Defendant, US Bank failed to complete a proper investigation within time period as required, and they failed to reinvestigate upon receiving notice from Plaintiff. Defendant has failed to report accurate information to the CRA's each and every month since the dispute was received. "A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i (a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information. (3) **Duty to provide notice of dispute**. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a **<u>consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer</u>**.

Section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:

the FCRA imposes some duties on the sources that provide credit information to CRAs, called "furnishers" in the statute. Section 1681s-2 sets forth "[r]esponsibilities of furnishers of information to consumer reporting agencies," delineating two categories of responsibilities. Subsection (a) details the duty "to provide accurate information".

The OCC, Federal Reserve Board, FDIC, OTS, NCUA, and the FTC (Agencies) issued a joint final rule (Final Rule) under Section 312 of the Fair and Accurate Credit Transactions Act of 2003 (FACT Act), which amends the Fair Credit Reporting Act (FCRA). Section 623 of the FCRA describes the responsibilities of persons that furnish information about consumers (furnishers) to credit reporting agencies (CRAs). The Final Rule addresses the <u>accuracy and integrity</u> of reported information and <u>furnishers'</u> responsibility to <u>reinvestigate disputes</u> based on <u>direct disputes from consumers</u>. Furnishers are also required to establish policies and procedures to implement the requirements.

(6)

The Defendant, US Bank failed to complete a proper investigation within time period as required, and they failed to reinvestigate upon receiving notice from Plaintiff. Defendant has failed to report accurate information to the CRA's each and every month since the dispute was received. "A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i (a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information. (3) **Duty to provide notice of dispute**. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a **<u>consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer</u>**.

Section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:

(a) **Duty of furnishers of information to provide accurate information**.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency **if the person knows or consciously avoids knowing that the information is inaccurate**.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(I) **the person has been notified by the consumer**, at the address specified by the person for such notices, **that specific information is inaccurate**; and

(ii) **the information is, in fact, inaccurate**.

(2) **Duty to correct and update information**. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer;

According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

## (7)
## Defendant alleges in (C) and (D) of its Motion to Dismiss that 15 U.S.C. 1681s-2 (a) and (b) Plaintiff cannot State a Claim Because There is No Private Right of Action to Enforce This Provision

U.S. Bank brought this motion to dismiss each and every count against them including violations of section 1681s-(2). There is plainly a private right and cause of action under section 1681s-2(b). See, for example, *Whitesides v. Equifax Credit Information Services, et al*, 125 F. Supp.2d 807 and 125 F. Supp.2d 813 (U.S.D.C. W.D. La. 2000) (two opinions) (on point factually and legally); *Nelson v. Chase Manhattan Mortgage*, ____ F.3d ____, 2002 Westlaw 316714 (9th Cir. 2002) (Nev.) (3/1/02) (finding a private right of action under 1681s-2(b) and noting an

overwhelming authority (roughly 30 district courts) rejecting the erroneous *Carney v. Experian Information Solutions, Inc.*, 57 F. Supp.2d 496 (U.S.D.C. W.D.Tenn. 1999) (which also bought into the ill-fated 1681t(b)(1)(F) position of defendant), decision.    And,

Dornhecker ro. Ameritech Corp., 99 F. Supp. 2d 918 (N.D. Ill. 2000). A U.S. district court held that the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681 et seq., permits consumers to bring private causes of action against furnishers of information to credit reporting agencies who fail to <u>properly investigate disputed</u> credit information.

After being made aware of the debts, the individuals whose names had been used notified the credit reporting agencies of the fraud. After the individuals, collection agencies, and credit reporting agencies notified the provider of the dispute, the provider reportedly failed to investigate. The individuals sued the provider, alleging, among other claims, that defendant violated 1681s-2(b)(1) of the FCRA by failing to properly investigate the disputed credit information. Defendant moved to dismiss, arguing that plaintiffs lacked standing because the FCRA does not create a private right of action for consumers.

Denying the motion, **the court agreed with the U.S. Supreme Court's** analysis-set forth in **Cort v. Ash, 95 S. Ct. 2080 (1975)** for determining whether an implied private right of action exists under a statute. The four factors are: whether (1) the plaintiff is a member of a class for whose benefit the statute was enacted; (2) the legislative history indicates congressional intent, explicit or implicit, either to create or deny such a remedy; (3) implying a private remedy would frustrate the underlying purposes of the legislative scheme; and (4) the cause of action is one traditionally relegated to state law.

### (8)
### The Plaintiff Stated a Claim upon which relief can be granted

After being unable to resolve this matter through communications with the defendant, directly and via the credit reporting agencies, Plaintiff brought a number of state and federal claims against the defendant, including but not limited to the FCRA provision, section 1681s-2(b).

Plaintiff's complaint is well-plead and more than adequate and does comply with *Federal Rule of Civil Procedure 8(a)*.

The issues in this complaint are **not** of any alleged debt, but the failure to do a proper investigation into the dispute and the methods that U.S. Bank reported or did not report in this case, to the Plaintiff and to the Credit Reporting Agencies (CRA's(. In addition, U.S. Banks willful non-compliance and lack of having the proper systems in place to prevent errors are also violations of the requirements of the FCRA.

## (9)
## CONCLUSION

The FCRA is supposed to receive a liberal construction in favor of consumers, not in favor of the credit and credit reporting industries. Guimond v. Trans Union Credit Information, Co.,45 F.3d 1329 (9th Cir. 1995) (Cal.); Klapper v. Shapiro, 586 N.Y. S.2d 846 (N.Y. Sup.1992); Kates v. Croker National Bank, 776 F.2d 1396, 1397 (9th Cir. 1995Litschitz v. American Express Co., 560 F. Supp. 458 (U.S.D.C. Pa. 1983); Jones v. Federated Financial Reserve Corp., 144 F.3d 961 (6th Cir. 1998) (Mich.).

**Summation to bring added clarity to Court and the Defendant**

The core issue of this immediate case, is that Plaintiff notified the Defendant, US Bank and all three National Credit Reporting Agencies (CRA's) on 2 separate occasions in close proximity of one another as stated above, disputing the trade line / account. The Defendant, US Bank, as a "furnisher", and the National Credit Reporting Agencies are required under the FCRA to do a proper investigation, and in this case simultaneously since the disputes were received in close proximity of one another, and then report and reconcile the findings with one another and to the consumer which was not done.  There is no evidence that the Defendant did the required investigation because it was not reported to the CRA's as required by law as evidenced by the Plaintiff's credit reports.

The Defendant is alleging that the CRA's did not report the findings of their investigation to the Defendant, but that is nothing more than hearsay evidence. The Plaintiff delivered the letters of dispute to all parties. We will not know what actually took place until we are allowed to proceed with proper discovery to determine what was reported to whom and when. The Plaintiff's credit reports do not show the trade line / account marked in dispute or any detail as to whether an investigation was being preformed required under the FCRA. Discovery will also allow Plaintiff to obtain information as to whether the Defendant has established policies and procedures to implement the requirements as required under the FCRA.

Plaintiff believes he had addressed and opposed each and every relevant argument submitted by Mover defendant. Plaintiff intends to oppose each such argument and request by Mover. None of the claims by Defendant, U.S. Bank are subject to dismissal and are not properly plead. Plaintiff respectfully asserts that Defendant's Motion to Dismiss should be denied.

The Plaintiff will be glad to consider any reasonable settlement agreement to this action that will be amicable to all parties. Defendant will come anytime to the table to discuss same in order to save time and resources of both parties. The Plaintiff respectfully moves the court to Deny the Defendant's Motion to Dismiss and to move the case forward to Rule 16 scheduling, and Rule 26 f discovery in this matter.

Respectfully submitted this 10th day of December 2010.

_____
/s/ LAWRENCE SACCATO

Plaintiff ProSe'
Lawrence James Saccato
6387 Old Hwy 99S
Roseburg, Oregon 97471
541-784-2284 (mess)
ljsaccato@gmail

# CERTIFICATE OF SERVICE

I hereby certify that a copies of the forgoing Plaintiff's Motion in Opposition to U.S. Bank N.A.'s Motion to Dismiss and Memorandum in Support consisting of 11 pages for Case # 10-06244-AA, was sent by First Class Mail with postage prepaid through the United States Post Office to:

Clerk of the Court
Wayne L. Morse
United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401

Danielle J. Hunsaker, for
U.S. Bank National Association N.D.
621 SW Morrison St. Suite 1450
Portland, Oregon 97205

Robert E. Sabido, for
Davis Law Firm
805 SW Broadway 8th Floor,
Portland, Oregon 97205

They were deposited in the United States Post Office in Winston, Oregon on December 10, 2010.

*LAWRENCE SACCATO*
Lawrence James Saccato, Plaintiff
c/o 6387 Old Highway 99 S
Roseburg, Oregon 97471
541-784-2284 mess.
ljsaccato@gmail.com