**Christopher J. Kayser,** OSB #984244
cjkaser@larkinsvacura.com
**Danielle J. Hunsaker** OSB #045365
dhunsaker@larkinsvacura.com
**Larkins Vacura LLP**
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
Telephone:  503-222-4424
Facsimile:  503-827-7600
Attorneys for U.S. Bank National Association

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **LAWRENCE JAMES SACCATO,**<br><br>         Plaintiff Pro Se,<br><br>    v.<br><br>**DAVIS LAW FIRM**,<br><br>         Defendant,<br><br>**U.S. BANK NATIONAL ASSOCIATION N.D.,**         Co-Defendant.<br><br>**DOES 1 THROUGH 10.** | Case No. 6:10-cv-06244-AA<br><br>DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S REPLY IN SUPPORT OF MOTION TO DISMISS |

Defendant U.S. Bank National Association ("U.S. Bank") moves to dismiss plaintiff's claims against it under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff asserts two claims against U.S. Bank under Section 1681s-2 of the Fair Credit Reporting Act ("FCRA").  As discussed in U.S. Bank's initial moving papers, there is no private right of action under subsection (a) of this provision, and plaintiff failed to allege all of the necessary elements to state a claim under subsection (b).

//

**1.)    There Is No Private Right of Action Under 15 USC 1681s-2(a).**

Both FCRA and Ninth Circuit case law clearly establish that there is no private right of action to enforce the obligations of a furnisher like U.S. Bank under Section 1681s-2(a). 15 U.S.C. § 1681s-2(c); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) ("Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies."); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (holding that private right of action does not exist under subsection (a) and stating: "Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished."). In apparent recognition of such authority, plaintiff argues in his response to the Motion to Dismiss[1] only that he has a private right of action under subsection (b). (*See* Memo In Supp. Plf.'s Opp. to Mot. to Dismiss at 7-9.) Therefore, to the extent that plaintiff's Complaint seeks to allege a claim under subsection (a), it must be dismissed.

**2.)    Plaintiff Failed to State a Claim Under 15 USC 1681s-2(b).**

Contrary to plaintiff's suggestion, U.S. Bank does not dispute that a private right of action exists under Section 1681s-2(b). However, plaintiff failed to state a cognizable claim under this provision. As discussed in U.S. Bank's Memorandum in Support of the Motion to Dismiss, a furnisher's obligations under subsection (b) are triggered when a furnisher receives notice of a dispute *from a Credit Reporting Agency ("CRA")*. *Gorman*, 584 F.3d at 1154. Notice received directly from a consumer is insufficient. *Id.* Thus, in order to state a claim under subsection (b), the Complaint must allege that the defendant-furnisher received notice of the plaintiff's specific dispute at issue *from a CRA* as opposed to some other source. *See id.*; *see*

---

[1] Plaintiff styles his response to U.S. Bank's Motion to Dismiss as "Plaintiff's Motion to Deny U.S. Bank National Association N.D.'s Motion to Dismiss." U.S. Bank construes this pleading as a response to the Motion to Dismiss rather than a separate motion.

*also Gonzalez v. Ocwen Fin. Servs., Inc.*, 2003 WL 23939563, *3 (N.D. Cal. 2003) (unpublished) (affirming Rule 12(b)(6) dismissal of Section 1681s-2(b) claim where plaintiff failed to allege the defendant-furnisher was notified of the dispute by a CRA); *McNall v. Credit Bureau of Josephine Co*, 689 F.Supp.2d 1265, 1273 (D. Or. 2010) (granting summary judgment where no evidence that furnisher received notice of dispute at issue from a CRA).

Here, plaintiff failed to allege that U.S. Bank received notice of his dispute from a CRA. And although plaintiff does allege that *he* notified both U.S. Bank and the CRAs of his dispute, he does not allege (1) what it is he is disputing in this case, or (2) whether it is the same issue he disputed to the bank and the CRAs. As such, he fails to allege facts establishing the essential notice element for bringing a claim under Section 1681s-2(b), and his claims against U.S. Bank must be dismissed.

The authority cited by plaintiff is consistent with this conclusion. In *Nelson*, the Ninth Circuit simply established that a private right of action exists under subsection (b). 282 F.3d 1057. Likewise, in *Dornhecker v. Ameritech Corporation*, 99 F.Supp.2d 918, 925 (N.D. Ill. 2000), the court held that a private right of action exists under subsection (b) and explained that a furnisher's duties under this section "arise only after the furnisher *receives notice from a consumer reporting agency* that a consumer is disputing credit information." (Emphasis added.). And in *Saunders v. Branch Banking & Trust Company of Virginia* the issue was whether it is inaccurate not to report a debt as "disputed" after receiving proper notice of a dispute. 526 F.3d 142, 149-50 (4th Cir. 2008). Construing FCRA, the Fourth Circuit recognized that a furnisher's duties under subsection (b) are triggered only by receiving notice of a dispute from a CRA, and

//

//

it was an established fact in that case that the furnisher had received notice from a CRA. *Id.* at 146-47.

For these reasons, defendant U.S. Bank respectfully requests that the Motion to Dismiss be granted.

Dated: December 23, 2010.

                                                LARKINS VACURA LLP

                                                /s/ Danielle J. Hunsaker
                                                Christopher J. Kayser OSB #984244
                                                Danielle J. Hunsaker, OSB #045365
                                                Attorneys for U.S. Bank National Association

# CERTIFICATE OF SERVICE

I am over the age of 18 and am not a party to the within action. I am employed in Multnomah County, State of Oregon, and my business address is 621 SW Morrison St., Suite 1450, Portland, Oregon 97205.

On December 23, 2010, I served the following document(s):

**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S REPLY IN SUPPORT OF MOTION TO DISMISS**

on the party or parties listed on the following page(s) in the following manner(s):

☐ **BY HAND DELIVERY:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by messenger to the street address(es) indicated on the attached service list.

☐ **BY FEDERAL EXPRESS:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by Federal Express to the street address(es) indicated on the attached service list.

☒ **BY FIRST-CLASS MAIL:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be deposited in the United States mail at Portland, Oregon, with first-class postage thereon fully prepaid and addressed to the street address(es) indicated on the attached service list.

☐ **BY FACSIMILE:** For each party, I caused a copy of the document(s) to be sent by facsimile to the facsimile number(s) indicated on the attached service list. If this action is pending in Oregon state court, then printed confirmation of receipt of the facsimile generated by the transmitting machine is attached hereto.

☐ **BY E-MAIL:** For each party, I caused a copy of the document(s) to be sent by electronic mail to the e-mail address(es) indicated on the attached service list. If this action is pending in Oregon state court, then I received confirmation that the e-mail was received.

☐ **BY ECF:** For each party, I caused a copy of the document(s) to be sent by electronic mail via ECF to the e-mail address(es) indicated on the attached service list.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

                                                                      _____
                                                                      Danielle Hunsaker

Lawrence James Saccato
c/o 6387 Old Hwy 99 S
Roseburg Oregon 97470

Page 2 – Certificate of Service