## IN THE UNITED STATES DISTRICT COURT
## FOR OREGON EUGENE DIVISION

Honorable Ann Aiken

FILED 11 JAN 06 10:51 USDC-ORE

| | | |
|---|---|---|
| LAWRENCE JAMES SACCATO, | § § § | CIVIL ACTION NO.10-06244-AA |
| Plaintiff, ProSe' | § | |
| vs. | § § | PLAINTIFF"S SUPPLEMENTAL REPLY IN SUPPORT OF |
| DAVIS LAW FIRM, | § § | OPPOSITION TO U.S. BANK NATIONAL ASSOCIATION |
| Defendant | § § | N.D. MOTION TO DISMISS |
| U.S. BANK NATIONAL | § | (Unlawful Debt Collection |
| ASSOCIATION N.D. | § § | Practices under 15 USC 1692 et. seq, and ORS 646.639 et. seq.) |
| Co-Defendant | § § | (Unlawful Fair Credit Reporting under 15 USC §1681, et seq) |
| Does 1 through 10 | § | |

## PLAINTIFF'S SUPPLEMENTAL REPLY IN SUPPORT OF IT'S OPPOSITION TO U.S. BANK NATIONAL ASSOCIATION N.D.'S MOTION TO DISMISS

### (1)

Comes now the Plaintiff, Lawrence James Saccato, before this Honorable Court, having a Motion in Opposition to Defendant's Motion to Dismiss, Document No.14 , and Memorandum in Support, Document No. 15, hereby submits this supplemental response in support of its opposition to the Defendant, U.S. Bank National Association N.D. (U.S. Bank) Motion to Dismiss. Defendant U.S. Bank responded to Plaintiff's Motion in Opposition of its Motion to Dismiss, with a reply in support of Defendants motion to dismiss Document No 16.

### (2)

Plaintiff, stated in his complaint, that he contacted the Defendant U.S. Bank, a credit provider, and the three National Credit Reporting Agencies (CRA's) on or about the same time with notices of dispute of the alleged account.

The Defendant US Bank a credit provider, as well as the three CRA's have obligations under the FCRA to investigate the dispute. It is highly unreasonable to believe that after being duly notified, that all three of the CRA's would not have complied with the FCRA by commencing with the required proper investigation. An essential part of the required investigation would be to contact the Defendant US Bank, the credit provider, with notice of the dispute. After contacting the credit provider, it would have to complete a reasonable investigation as to the accuracy of the dispute and report back to the CRA's with its findings. The question is that during the investigation did the Defendant "talk" to the Bureaus and vice versa how does anyone know without proof?

It is unreasonable to believe that all three of the CRA's violated the FCRA by not conducting a proper investigation. It is also unreasonable to conclude that all three Agencies did not contact the Defendant, US Bank during their required investigations of the Plaintiff's dispute. The three National Reporting Agencies handle millions of accounts and have systems in place to prevent such errors. It just supports to the validity of the Plaintiff's claim that the Defendant does not have the systems in place to prevent such errors and that it wilfully did not comply with the requirements of § 1681s-2(b).

In addition to requiring that a furnisher conduct a reasonable investigation of a consumer dispute, § 1681s-2(b) also requires a creditor, upon receiving notice of such dispute, to both report the results of the investigation *and*, "if the investigation finds that the information is incomplete or inaccurate, report those results" to the CRAs."

The Fourth Circuit has recently held that after receiving notice of dispute, a furnisher's decision to continue reporting a disputed debt without any notation of the dispute presents a cognizable claim under § 1681s-2(b). *See Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008).

Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

In Campbell v. Baldwin, 90 F. Supp. 2d 754 (E.D. Tex. 2000) Ultimately, the court concluded that furnishers who fail to comply with the obligations set forth in USC 15 § 1681s-2(b) are not exempt from civil liability, and allowed an individual consumer to proceed with its claim under Subsection (b).

According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer.

## CONCLUSION

The FCRA is supposed to receive a liberal construction in favor of consumers, not in favor of the credit and credit reporting industries. Guimond v. Trans Union Credit Information, Co.,45 F.3d 1329 (9th Cir. 1995) (Cal.); Klapper v. Shapiro, 586 N.Y. S.2d 846 (N.Y. Sup.1992); Kates v. The Plaintiff has addressed each and every claim by the Defendant in its Motion in Opposition and Memorandum in support of Defendants Motion to Dismiss. The remaining claim by the Defendant U.S. Bank is without merit and should also be dismissed. Plaintiff respectfully asserts that Defendant, U.S. Bank's motion to dismiss should be denied, and to move this case forward to ORCP Rule 16 and 26(f).

Respectfully submitted this 4th day of January 2011.

*Lawrence Saccato*

Plaintiff ProSe'
Lawrence James Saccato
6387 Old Hwy 99S
Roseburg, Oregon 97471
541-784-2284 (mess)
ljsaccato@gmail

Page -3-

# AFFIDAVIT OF NOTARY PRESENTMENT

State of OREGON )
) ss.
County of DOUGLAS )

## CERTIFICATION OF MAILING

On this 15th day of June, 2009, for the purpose of verification, I, the undersigned Notary Public, being commissioned in the County and State noted above, do certify that Lawrence James Saccato appeared before me with the following documents listed below. I, the undersigned notary, personally verified that this documents were placed in an envelope and sealed by me. It was sent postage prepaid by United States Post Office First Class Mail to Equifax, P.O. Box 740241, Atlanta GA 30374, Experian, P.O. Box 9701, Allen Texas 75013 and Transunion Consumer Solutions, P.O. Box 2000, Chester, PA 19022-2000.

Number of Pages

**Letter(s) of Dispute**                                                    **1**

Valynn Currie, Notary Public
P.O. Box 3097
Winston, Oregon 97496

WITNESS my hand and official seal.

_____  ___6/15/09___   (Seal)
NOTARY PUBLIC          DATE

My commission expires: ___March  21___, 20 _12_

OFFICIAL SEAL
**VALYNN CURRIE**
NOTARY PUBLIC-OREGON
COMMISSION NO. 425005
MY COMMISSION EXPIRES MARCH 21, 2012

USPS First Class Mail

June 15, 2009

Lawrence James Saccato
P.O. Box 143
Glide Oregon 97443

Experian
P.O. Box 9701
Allen, Texas 75013

Social # ██████████

Dear Sirs:

This is a letter of dispute.

I recently pulled my credit report and found US Bank reporting derogatory information in my account.

I do not recall ever having this account and dispute this.

Signed

*Lawrence Saccato*

Lawrence Saccato

USPS First Class Mail

June 15, 2009

Lawrence James Saccato
P.O. Box 143
Glide Oregon 97443

TransUnion Consumer Solutions
P.O. Box 2000
Chester, PA 19022-2000

Social ████████████

Dear Sirs:

This is a letter of dispute.

I recently pulled my credit report and found that US Bank is reporting derogatory information in my account.

I do not recall ever having this account and dispute this.

Signed

*Lawrence Saccato*

Lawrence Saccato

USPS First Class Mail

June 15, 2009

Lawrence James Saccato
P.O. Box 143
Glide Oregon 97443

Equifax
P.O. Box 740241
Atlanta, GA 30374

Social # ██████████

Dear Sirs:

This is a letter of dispute.

I recently pulled my credit report and found that US Bank is reporting derogatory information in my account.

I do not recall ever having this account and dispute this.

Signed

*Lawrence Saccato*

Lawrence Saccato

# CERTIFICATE OF SERVICE

I hereby certify that a copies of the forgoing PLAINTIFF'S SUPPLEMENTAL REPLY IN
SUPPORT OF IT'S OPPOSITION TO  U.S. BANK  NATIONAL ASSOCIATION N.D.'S
MOTION TO DISMISS , consisting of 3 pages for Case # 10-06244-AA, was sent by First Class
Mail with postage prepaid through the United States Post Office to:

Clerk of the Court
Wayne L. Morse
United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401

Danielle J. Hunsaker, for
U.S. Bank National Association N.D.
621 SW Morrison St. Suite 1450
Portland, Oregon 97205

Robert E. Sabido, for
Davis Law Firm
805 SW Broadway 8th Floor,
Portland, Oregon 97205

They were deposited in the United States Post Office in Winston, Oregon on January 4, 2011.


_Lawrence Saccato_

Lawrence James Saccato, Plaintiff
c/o 6387 Old Highway 99 S
Roseburg, Oregon 97471
541-784-2284 mess.
ljsaccato@gmail.com