FILED'11 FEB 07 15:40USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAWRENCE JAMES SACCATO,                Civil No. 10-6244-AA
                                       OPINION AND ORDER
    Plaintiff,

    vs.

DAVIS LAW FIRM,

    Defendant,

U.S. BANK NATIONAL ASSOCIATION,
N.D.,

    Co-Defendant,

DOES 1 THROUGH 10.

---

Lawrence James Saccato
6387 Old Hwy 99S
Roseburg, Oregon 97471
    Plaintiff Appearing Pro Se

Christopher J. Kayser
Danielle J. Hunsaker
Larkins Vacura LLP
621 SW Morrison St., Suite 1450
Portland, Oregon 97205

Page 1 - OPINION AND ORDER

Attorneys for defendant U.S. Bank National
Association, N.D.

AIKEN, Chief Judge:

Defendant U.S. National Bank Association, N.D. ("US Bank") filed a motion to dismiss asserting plaintiff failed to state a claim upon which relief can be granted. US Bank's motion is granted.

## BACKGROUND

Plaintiff alleges two Fair Credit Reporting Act ("FCRA") claims against defendant US Bank in its capacity as "furnisher" of consumer credit information, and seeks injunctive relief. Plaintiff also brings claims against defendants Davis Law Firm, as well as "Does 1 through 10" which are not at issue here.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). The complaint must allege, however, "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

Page 2 - OPINION AND ORDER

DISCUSSION

Plaintiff alleges that inaccurate information furnished by US Bank is being reported on his credit report and that the information was not corrected or identified as disputed after US Bank was notified of the dispute. A "furnisher" is the party that provides the information that appears on credit reports. See 15 U.S.C. § 1681s-2. Creditors and account holders are generally "furnishers" of credit report information. "Credit reporting agencies" ("CRAs") are the parties that "assembl[e] or evaluat[e] consumer credit information . . . for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). The three primary CRAs are Equifax, Experian, and TransUnion.

The duties of a "furnisher" under the FCRA are governed by § 1681s-2. See Complaint, ¶¶ 14-15. Under this provision, the furnisher is obligated to "provide accurate information." 15 U.S.C. § 1681. Moreover, if a consumer notifies the furnisher that the consumer disputes the "completeness or accuracy of any information furnished . . . to any consumer reporting agency," the furnisher must indicate that a dispute exists when reporting that information to the credit reporting agencies. 15 U.S.C. 1681s-2(a)(3). This duty, among others, is only triggered if a furnisher learns of a dispute from a CRA. Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). "[N]otice of

Page 3 - OPINION AND ORDER

a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." Id.

It is unclear to this court under which subsection plaintiff asserts his Section 1681s-2 FCRA claims. If the court assumes plaintiff's claims are brought pursuant to subsection (a), they are dismissed. Except in limited circumstances not applicable here, FCRA does not provide a private right of action to enforce a furnisher's duties arising under subsection (a). 15 U.S.C. § 1681s-2(c); Gorman, 584 F.3d at 1154 (furnisher's duties under subsection (a) are "enforceable only by federal or state agencies.").

If the court assumes plaintiff's claims are brought pursuant to subsection (b), those claims are also dismissed. Although subsection (b) does contemplate a private right of action, such duties are triggered only if the furnisher receives notice of a consumer dispute from a CRA. Notice of a dispute received directly from a consumer, like here, does not trigger a furnisher's duties under subsection (b), and therefore, fails to trigger any liability under this provision. Therefore, in order to state a claim under subsection (b), plaintiff must allege facts showing that the furnisher, US Bank here, received notice of the dispute at issue from a CRA as opposed to some other source. Gorman, 584 F.3d at 1154; see also, McNall v. Credit Bureau of Josephine Co. 689 F.Supp.2d 1265, 1273 (D. Or.

Page 4 - OPINION AND ORDER

2010)(granting summary judgment where no evidence that furnisher received notice of dispute at issue from a CRA). Further, plaintiff's allegations must also demonstrate that a CRA's notification informed the furnisher (US Bank here) of the plaintiff's specific dispute at issue in the litigation. Therefore, in order to state a claim pursuant to the FCRA, § 1681s-2, plaintiff must allege that a CRA notified US Bank that he disputed information reported on his credit report. There are no such allegations in plaintiff's complaint.

Moreover, plaintiff's claim for injunctive relief also fails. Plaintiff has failed to allege any facts concerning the account or debit at issue and what information reported on his credit report is allegedly inaccurate.

## CONCLUSION

Defendant US Bank's motion to dismiss (doc. 11) is granted. There is no private right of action under subsection (a) of the FCRA Section 1681s-2, and plaintiff fails to allege the necessary elements to state a claim under subsection (b). Plaintiff has twenty (20) days to file any amended complaint if desired.
IT IS SO ORDERED.

Dated this 4 day of February 2011.

Ann Aiken
United States District Judge