FILED'06 JUN 11 15:02 USDC-ORE

## IN THE UNITED STATES DISTRICT COURT
## FOR OREGON EUGENE DIVISION

|  |  | HONORABLE JUDGE MICHAEL R. HOGAN |
|---|---|---|
| LAWRENCE JAMES SACCATO, | § | |
|  | § | |
| Plaintiff, ProSe' | § | |
|  | § | CIVIL ACTION NO.10-CV-06244-HO |
| vs. | § | |
|  | § | |
| DAVIS LAW FIRM, | § | PLAINTIFF'S NOTICE AND |
|  | § | MEMORANDUM IN SUPPORT |
|  | § | PURSUANT TO THE REQUIREMENTS |
| Defendant | § | UNDER 18 U.S.C. § 4, DUTY |
|  | § | TO REPORT VIOLATION OF |
| U.S. BANK NATIONAL | § | 15 U.S.C. § 1681q  BY US BANK |
| ASSOCIATION N.D. | § | NATIONAL ASSOCIATION N.D. |
|  | § | |
| Co-Defendant | § | |
|  | § | |
| Does 1 through 10 | § | |

## PLAINTIFF'S NOTICE AND MEMORANDUM IN SUPPORT TO THE COURT AS
## REQUIRED PURSUANT TO USC TITLE 18 SECTION 4

Plaintiff, Lawrence James Saccato, respectfully submits the following Notice and Memorandum
of Law to this Honorable Court, pursuant to 18 U.S.C. § 4 .

Moving Party's Undisputed Material Facts and Supporting Evidence:

1.

Plaintiff is a Consumer protected by the law under the Fair Credit Reporting Act 15 USC § 1681,
et seq.

2.

Plaintiff is required under 18 U.S.C. § 4., to report to the nearest Judge as soon as possible upon discovery of the commission of a crime. "Whoever, having knowledge of the actual commission of a felony cognizable by the courts of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $5000 or imprisoned not more than three years, or both."

3.

Defendant is a Credit Lender/Information Provider and as such governed under the law by The Fair Credit Reporting Act 15 U.S.C. § 1681, et seq. Plaintiff initiated the action on August 11, 2010, in the Federal District Court, Eugene Division as indicated in the above case number. (NO.10-CV-06244-HO)

4.

Plaintiff pulled a copy of his credit report on or about May 10, 2011 and noticed the Defendant US Bank or about, February 1, 2011, had been in his credit report. (See Exhibit "A". Plaintiff never gave permission for the Defendant US Bank to pull Plaintiff's credit report nor did Defendant have any permissible purpose to obtain Plaintiff's information.

Therefore, Defendant has broken the law by obtaining Plaintiff's information under false pretenses [15 U.S.C. § 1681q] which is fineable under title 18, United States Code, and subject to fine or imprisonment for not more than 2 years, or both. This may rise to the level of a felony under the United States Laws.

5.

Additionally, Defendant has also broken the law by pulling Plaintiff's credit report during litigation. The following case law supports the illegality of Defendant's action:

> Rice v. Montgomery Ward & Co., Inc. 450 F. Supp. 688, 670-72 (M.D. N.C. 1978) (Defendant violates FCRA if it obtains a consumer report on Plaintiff after Plaintiff institutes an action against defendant. Such an inquiry is impermissible.);

Bils v. Nixon, Hargrave, Devans & Doyle, 880 P.2d 743 (Ariz. App. 1994) (improper to get report to discover information which might be used in ligation);

Duncan v. Handmaker, 149 F.3d 424, 426-28 (6th Cir. 1998) (no legitimate business needs to obtain report to prepare for litigation);

Bakker v. Mckinnon, 152 F.3d 1007, 1011-12 (8th Cir. 1998) (same);

Auriemma v. Montgomery, 860 f.2d 273, 279, 280-281 (7th Cir. 1998) (extra-judicial investigation by attorneys improper; no privilege);

Mone v. Dranow, 945 F.2d 306, 308 (9th Cir. 1991) (obtaining credit report to investigate for purposes of litigation improper);

Boothe v. TRW Credit Data, 557 F. Supp. 66, 70-71 (S.D.N.Y. 1982);

Rylewicz v. Beaton Services, Ltd., 698 F. Supp.. 1391, 1400 n. 10 (N.D. Ill. 1988), aff'd 888F.2d 1175, 1181 (7th Cir. 1989); Houghton v. N.J. Maunfacturer's Ins. Co., 795 F.2d 1144, 1149 (3d Cir. 1986) (obtaining report after litigation for use in litigation improper).

6.

Defendant continues to violate Plaintiff's civil rights under the Fair Credit Reporting Act as outlined in the original Complaint and now has added further damage to Plaintiff by obtaining Plaintiff's credit report with false pretenses and during litigation.

7.

The federal Fair Credit Reporting Act (hereafter "FCRA") prohibits any person from using or obtaining a consumer report for other than permissible purposes. 15 U.S.C. § 1681b(f). Any person who willfully or negligently fails to comply with any requirement of the Act with respect to any consumer is liable to that consumer for actual damages, attorneys' fees and costs. 15 U.S.C. §§ 1681n-o.

8.

Willful violations may also result in punitive damages. 15 U.S.C. § 1681n. In addition, any person who knowingly obtains a credit report under false pretenses shall be fined, imprisoned (up to 2 years) or both.15 U.S.C. § 1681q.

9.

Though the FCRA originally imposed civil liability on "any consumer reporting agency or user of information" that fails to comply with any requirement of the Act, in 1996, Congress amended the Act's civil liability provisions to cover "any *person*" who willfully or negligently fails to do so. The term"person" is defined broadly to include corporations which, as we have noted, necessarily act through their agents. 15 U.S.C. § 1681a(b).

10.

Pursuant to section 1681b, in the absence of a court order, *see* 15 U.S.C. § 1681b(1), or written instructions from the consumer, *see* 15 U.S.C. § 1681b(2), or any of the grounds set forth in section 1681b(3)(A)-(E), inclusive, a consumer reporting agency may not lawfully provide any user with a consumer credit report. "**15 U.S.C. § 1681b sets forth an exclusive list of permissible purposes for which a consumer credit report may be obtained**." *Zamora vs. Valley Fed. Sav. & Loan Assoc. of Grand Junction*, 811 F.2d 1368, 1370 (10th Cir. 1987).

11.

An impermissible pull of a consumer credit report can be held to be willful pursuant to both FCRA §§ 1681b(f) and 1681n under that standard articulated by the Supreme Court, that is, a knowing, reckless **or indifferent disregard to the rights of the Plaintiff**. *United States v. Illinois Cent. R. Co.*, 303 U.S. 239, 243 (1938), and *McLaughlin v. Richard Shoe Co.*, 486 U.S. 128, 133 (1987). Users of credit reports know or should know based upon their own agreement with consumer reporting agencies and under FCRA if they have a permissible purpose under FCRA. If they do not and still engage in an impermissible pull, it shows an indifferent disregard to the rights of privacy of the subject of the credit report.. Furthermore, under *Zamora*, 811 F.2d 1368, 1371 (10th Cir. 1987), it is clear that "actual damages" under FCRA can be

Page -4-

comprised of nonpecuniary components, including emotional distress. It is also clear that an unauthorized pull of an individual's credit report by a user can negatively affect any scoring associated with that individual's credit, particularly in the short term.

12.

Likewise, Punitive Damages within the range of three times actual damages are within the constitutional limits recently discussed by the U.S. Supreme Court. FCRA is believed to be the first major federal privacy act. "Congress enacted the FCRA in 1970 to promote efficiency in the Nation's banking system and to protect consumer privacy. See 15 U.S.C. § 1681(a) (1994. ed.)." TRW, Inc., vs. Andrews, 534 U.S. 19, 23 (2001). Since that time, particularly in recent years, there has been an explosion of privacy legislation enacted.[3] One large reason for the exploding privacy legislation is the ever increasing availability of private information in electronic form.

Respectfully submitted this _2nd_ day of June 2011.

LAWRENCE SACCATO

Plaintiff ProSe'
Lawrence James Saccato
6387 Old Hwy 99S
Roseburg, Oregon 97471
541-784-2284 (mess)
ljsaccato@gmail