**Christopher J. Kayser,** OSB #984244
cjkaser@larkinsvacura.com
**Danielle J. Hunsaker** OSB #045365
dhunsaker@larkinsvacura.com
**Larkins Vacura LLP**
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
Telephone:  503-222-4424
Facsimile:  503-827-7600
Attorneys for U.S. Bank National Association

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### EUGENE DIVISION

**LAWRENCE JAMES SACCATO,**

          Plaintiff Pro Se,

             v.

**DAVIS LAW FIRM,**

          Defendant,

**U.S. BANK NATIONAL ASSOCIATION
N.D.,**          Co-Defendant.

**DOES 1 THROUGH 10.**

Case No. 6:10-cv-06244-HO

STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the parties in the

captioned action and their affiliates and subsidiaries, through the parties' respective counsel, that

the terms and conditions of this Stipulated Protective Order shall be applicable to and govern

depositions, documents and tangible things produced in response to requests for production

thereof, responses to requests for admissions, and all other discovery taken pursuant to the

Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and

other information exchanged by the parties in the captioned action (hereafter referred to as "this

STIPULATED PROTECTIVE ORDER                                  Page 1

action") or produced by a third-party witness which the disclosing party designates as confidential hereunder.  All discovery in this matter shall be used for the purposes of this action.

It is hereby ORDERED as follows:

## 1. DESIGNATION OF CONFIDENTIAL MATERIALS

A.     Any party to this action or any third party subject to discovery in this action (hereinafter "designating party") shall have the right to designate any information, document, or thing as "Confidential Information," including information produced by third parties. "Confidential Information" means information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during deposition, information revealed in a response to a request for admission or otherwise:  (i) which is of a non-public nature, and (ii) disclosure of which the disclosing party contends in good faith would cause harm to its business operations or the business operations of a party in privity with the disclosing party.  "Confidential Information" may include financial information of any party or any third party;  information of any party or any third party concerning or relating to any mergers, joint ventures, corporate information, such as mergers, joint ventures, acquisitions and/or asset purchases;  business plans, projections or analyses of any party or third party;  licenses or other confidential agreements; trade secret information of any party or third party, including technical details of any proprietary systems or methods of doing business; policies and procedures of any party or third party; internal audits performed by any party or third party; information concerning the compensation or benefits paid to any person affiliated with any party or third party; and employment records of any person affiliated with any party or third party.

Copies or excerpts of information contained within or summaries, notes or charts containing any information, document or thing designated as "Confidential Information" shall also be treated as "Confidential Information."

Materials designated "Confidential Information" shall not include any information, document or thing which:

(i)     at the time of the disclosure hereunder is available to the public; or

(ii)    after disclosure hereunder becomes available to the public through no act, or failure to act, by the receiving party; or

(iii)   the receiving party can show (a) was already known to the receiving party; (b) was independently developed by the receiving party; or (c) was received by the receiving party, after the time of disclosure hereunder, from a third party having the right to make such disclosure.

B.     Each document or thing provided to the receiving party, or any portion thereof and each answer to a request for admission or portion thereof which discloses information deemed by the supplying party in good faith to be "Confidential Information" subject to the provisions of this Stipulated Protective Order shall be so designated by affixing thereon the legend "CONFIDENTIAL." Such designation shall be made at the time when the answer to the request for admission is served, or when the document or thing, or copy thereof, is provided to the receiving party.

C.     Portions of deposition transcripts may be designated as "Confidential Information" by any party to this action or by the deponent (a) on the record during the deposition, or (b) by written notice to all counsel of record within thirty (30) days after the party wishing to make the designation receives the transcript. Pending the expiration of said thirty

(30) days, all parties and persons shall presumptively treat the deposition transcript as "Confidential Information." If no portions of the transcript are designated as "Confidential Information" by any party to this action or by the deponent within said thirty (30) days, the transcript shall be considered not to contain any "Confidential Information." Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the legends listed in paragraph 1(B) if written notice is provided within said thirty (30) days. With regard to designations made during the deposition, the designating party shall have the right to have all persons, except the deponent and its counsel, counsel for named parties, the court reporter, and such other persons bound by this Stipulated Protective Order, excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated as "Confidential Information" under this Stipulated Protective Order.

## 2. **RESTRICTION ON DISCLOSURE OF DESIGNATED MATERIALS**

A.     No information, documents or things identified as or deemed "Confidential Information" under paragraphs 1(A)-(C) shall be disclosed to any person or entity except as set forth in this Stipulated Protective Order. No person shall use any information, documents or things identified as "Confidential Information" except for purposes of preparation for trial and trial of this action. Nothing contained in this Stipulated Protective Order shall affect the right of the designating party to disclose or use for any purpose the information, documents or things produced and/or designated by it as "Confidential Information."

B.     Subject to paragraphs 2(C) and 2(D), and any further Order of the Court, information, documents and things designated as "Confidential Information" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i)     the parties to this case, including their officers and directors;

STIPULATED PROTECTIVE ORDER                                                   Page 4

(ii)    attorneys for each party to this action, their partners, shareholders, and associates who are working on this action on behalf of any party, and the paralegal assistants, stenographic, and clerical employees working under the direct supervision of such attorneys;

(iii)    independent experts and consultants and their assistants working under the direct supervision of the expert or consultant, who are expressly retained or sought to be retained by any attorney described in paragraph 2(B)(ii) to assist in the preparation or trial of this action, with disclosure only to the extent necessary to perform such work. Independent experts or consultants, as used in this paragraph, shall not include any regular employee or agent of the receiving party. "Confidential Information" shall not be disclosed to any independent expert or consultant until that person has executed a written declaration in the form attached hereto as Exhibit A, acknowledging that he or she has read a copy of this Stipulated Protective Order and agrees to be bound by its terms;

(iv)    court reporters performing services in connection with this action;

(v)    the Court or its staff in connection with the Court's administration and adjudication of this action;

(vi)    outside vendors who perform microfiching, photocopying, computer classification, translation, or similar clerical functions in connection with this action, but only for so long as necessary to perform those services; and

(vii)    any other individuals who are mutually agreed upon in writing by the parties to this action (as provided for in paragraph 2(D)), or who are approved by the Court upon motion by any party to this action.

C.    The designation of any document as "Confidential Information" shall not preclude any party from showing the document to any person (i) who appears as the author or as an addressee on the face of the document and is not otherwise shown prior to such disclosure not to have received the document, or (ii) who has been identified by the designating party as having been provided with the document or with the information therein.

STIPULATED PROTECTIVE ORDER           Page 5

D.     Prior to any disclosure of information, documents or things designated as "Confidential Information" to persons or categories of persons other than those provided in paragraph 2(B) above, counsel desiring to make such a disclosure shall provide written notice to counsel for the designating party of its intent to make the disclosure, stating therein the specific information, documents or things to be disclosed at least ten (10) days before any "Confidential Information" information is made available to such person(s).  With the written notice shall be included a fully executed copy of Exhibit A.  "Confidential Information" shall not be disclosed to any such person(s) until such person(s) has executed a written declaration in the form attached hereto as Exhibit "A," acknowledging that he or she has read a copy of this Stipulated Protective Order and agrees to be bound by its terms.  If the designating party makes a written objection to the disclosure to such person(s) within the ten (10) day period, no disclosure of the designating party's "Confidential Information" may be made to the person(s). If the parties cannot resolve the issue, the party opposing disclosure may thereupon seek an appropriate order from the Court preventing disclosure of the "Confidential Information" to such person(s).  If the party opposing disclosure does not make such a motion within seven (7) days of the written objection in this paragraph, the disclosure shall be permitted, subject to the protections of this Order.

E.     In the event that any "Confidential Information" is used in any court proceeding in connection with this litigation, it shall not lose its status as "Confidential Information" through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such use.

### 3.  FILING DESIGNATED MATERIALS

If it is necessary to file documents or things containing "Confidential Information" for the purpose of motions or other court proceedings, such documents or things shall be filed with and kept by the Clerk of the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this action, the identification of the enclosed document, and a statement that the document is "FILED UNDER SEAL."

STIPULATED PROTECTIVE ORDER                                    Page 6

No such sealed envelope or container shall be provided to any party or person, other than counsel of record, except upon further written order of the Court. Any such order shall specifically identify by name and address the person(s) who may have access to the sealed file and shall specifically designate the portion(s) of the sealed file to which such person(s) may have access and the restrictions upon his or her use or disclosure of such materials. The foregoing provision shall not prevent an appropriately marked second copy of any paper specifically intended for review by the Court being hand delivered to the Court to assure that the same is brought promptly to the Court's attention.

### 4. CANCELLATION OF DESIGNATION

A.     The receiving party may request the designating party to remove or redesignate "Confidential Information." Such request shall be by written notice to counsel for the designating party. The written notice shall particularly identify the material or information designated "Confidential Information" that the receiving party seeks to have removed or redesignated. If the dispute cannot be resolved informally within seven (7) business days, a motion for further disclosure or reclassification may be filed with the Court. Pending the Court's determination of any motion contesting a designation of "Confidential Information," the material shall be deemed "Confidential Information" as designated. Thereafter, such material shall be treated in accordance with the Court's order.

### 5. DISPOSITION OF DESIGNATED MATERIALS AT TERMINATION OF THE CASE

A.     Termination of proceedings shall not relieve any person from the obligations of this Stipulated Protective Order, unless the Court orders otherwise.

B.     With respect to any documents or things that have been filed with the Court under the provisions of paragraph 3, upon termination of this action, the ultimate disposition of any such documents or things, including all copies or summaries of or excerpts from such documents which may have been made, shall be as directed by the Court upon completion of the litigation.

C.      With respect to any information, documents or things designated as "Confidential Information" that have not been filed with the Court, within thirty (30) days after the final adjudication of this case including appeals, or resolution through settlement, unless otherwise agreed to in writing by an attorney for the designating party, each party to this action shall either (a) assemble and return all information and material designated as "Confidential Information," including all copies thereof, to the party or person from whom the "Confidential Information" was obtained; or (b) certify in writing that all such information and material has been destroyed, except that counsel for the parties to this action may retain copies of court filings containing "Confidential Information," providing that such filings will be held for their internal use only, subject to the continuing obligations imposed by this Stipulated Protective Order. A party need not destroy or discard documents which it marked as "CONFIDENTIAL." A party to this action which has disclosed "Confidential Information" to those parties or persons identified in paragraphs 2(B), 2(C), and 2(D) is responsible for obtaining all documents or things containing "Confidential Information" from those parties or persons, and for disposing of those documents or things in a manner provided for in this paragraph.

## 6.  AMENDMENTS AND EXCEPTIONS BY ORDER OF THE COURT

This Stipulated Protective Order may be changed by further order of the Court, and is without prejudice to the rights of any party to this action, or any third party subject to discovery in this action or any party or individual who agrees to be bound by the terms of this Stipulated Protective Order to move for relief from any of its provisions, or seek agreement of the parties to this action for different or additional protection for any particular information, documents or things.

## 7.  GENERAL PROVISIONS

A.      "Confidential Information" shall be held in confidence by each person to whom it is disclosed, shall be used by the receiving party only for purposes of this action and no other purpose, shall specifically not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information under this Stipulated Protective Order. All

STIPULATED PROTECTIVE ORDER                                                    Page 8

"Confidential Information" shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

B. The designation of information, documents or things as "Confidential Information" pursuant to this Stipulated Protective Order shall not be construed as a concession that such information is relevant or material to any issues or is otherwise discoverable. Nor shall the inspection or receipt by a party to this action of information, documents or things designated as "Confidential Information" hereunder constitute a concession that the information, documents or things are confidential. If, subsequent to the inspection or receipt of information, documents or things identified as "Confidential Information" hereunder, a party to this action wishes the Court to rule upon the designating party's claim of confidentiality, that party may move the Court for such determination (*see* Section 4).

C. Nothing in this Stipulated Protective Order shall require disclosure of information, documents or things which the designating party contends is protected from disclosure by the attorney-client privilege or the work-product immunity. This will not preclude any party to this action from moving the Court for an order directing the disclosure of such information, documents or things.

D. Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this action and, in the course thereof, from generally referring to or relying upon his examination or receipt of "Confidential Information." In rendering such advice or in otherwise communicating with his client, the attorney shall not disclose the specific content of any information, document or thing identified as "Confidential Information" hereunder by a disclosing party where such disclosure would not otherwise be permitted under the terms of this Stipulated Protective Order.

E. The inadvertent or unintentional disclosure by the producing party of information, documents or things which it believes should have been designated as "Confidential Information," regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of

confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the producing party notifies the receiving party promptly upon discovery of the inadvertent or unintentional failure to designate. If a producing party through inadvertence produces or provides discovery of any "Confidential Information" without marking it as "CONFIDENTIAL," the producing party may give written notice to the receiving party or parties that the information or material is "Confidential Information" and should be treated in accordance with the provisions of this Stipulated Protective Order. The receiving party or parties must treat such information or material as "Confidential Information" from the date such notice is received. Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive "Confidential Information" shall not be deemed a violation of this Stipulated Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is "Confidential Information" and must be treated in accordance with this Stipulated Protective Order.

F.    If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product protection, the producing party may give written notice to the receiving party or parties that the information or material is subject to a claim of attorney client privilege or work product immunity and request that the information or material be returned to the producing party. Such inadvertent protection shall not be deemed a waiver in whole or in part of the producing party's claim of privilege or work-product protection, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. The receiving party or parties shall return to the producing party such information or material. Return of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the court for an

order that such information or material has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

      G.     The terms and provisions of this Stipulated Protective Order shall be binding on the parties to this action and their counsel as of the date on which the last party signs ("Effective Date").

      H.     Any third party who wishes to provide discovery in this action under the protections of this Stipulated Protective Order may do so by executing Exhibit A. By executing Exhibit A, such third parties shall be bound by the terms of this Stipulated Protective Order and submit to the jurisdiction of the U.S. District Court, District of Oregon for the purposes of enforcing this Stipulated Protective Order. This Stipulated Protective Order shall survive the final adjudication of this litigation (including any appellate proceedings), to the extent information or material so designated remains "Confidential Information" as defined in paragraph 1(A) above.

      Agreed to this __1(__ day of June, 2011.

                                    Respectfully submitted,

Larkins Vacura LLP

By _____
    Christopher J. Kayser, OSB# 984244
    Telephone: 503-241-2300
    Attorneys for Defendant OneWest Bank
    FSB

                        _LAWRENCE J. Saccatto_
                        Lawrence J. Saccatto, *pro se*
                        503.243.1637

    IT IS SO ORDERED.
    DATED this 26 day of August, 2011.

                        Michael R Hogan
                        U.S. District Court Judge

STIPULATED PROTECTIVE ORDER                      Page 11