**Christopher J. Kayser,** OSB #984244
cjkayser@larkinsvacura.com
**Joseph D. Mueller** OSB #111780
jmueller@larkinsvacura.com
**Larkins Vacura LLP**
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
Telephone: 503-222-4424
Facsimile: 503-827-7600
Attorneys for U.S. Bank National Association

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

**LAWRENCE JAMES SACCATO,**

                    Plaintiff Pro Se,                              Case No. 6:10-cv-06244-AA

      v.

**DAVIS LAW FIRM**,                                          DEFENDANT U.S. BANK'S
                                                                      MEMORANDUM IN SUPPORT OF
                    Defendant,                          MOTION FOR SUMMARY JUDGMENT

**U.S. BANK NATIONAL ASSOCIATION
N.D.,**                    Co-Defendant.

**DOES 1 THROUGH 10.**

## I. INTRODUCTION

Over the course of several years, Plaintiff Lawrence James Saccato racked up more than

$70,000 in credit card debt using four separate U.S. Bank credit card accounts. Rather than pay

that debt, Mr. Saccato brought this Fair Credit Reporting Act ("FCRA") claim—one of several

identical complaints he has filed against other financial institutions—contending that when he

told U.S. Bank "I do not recall ever having [a U.S. Bank] account," U.S. Bank should have

marked all four of his accounts as "disputed" on his credit reports. Mr. Saccato admits he cannot

dispute that the four accounts comprising his $70,000 debt are in fact his. According to Mr. Saccato, even if U.S. Bank was accurately reporting these accounts, it should still be liable under FCRA because it was required to notate the account as "disputed" when Mr. Saccato first raised his bogus claims. Mr. Saccato is wrong.

Mr. Saccato's two FCRA claims against defendant U.S. Bank National Association ("U.S. Bank") seek $145,000 in compensatory and punitive damages and injunctive relief. Judge Aiken dismissed Mr. Saccato's first complaint because there is no private right of action under 15 U.S.C. § 1681s-2(a) and because he failed to allege that a credit reporting agency ("CRA") notified U.S. Bank of any dispute, as required under 15 U.S.C. § 1681s-2(b); however, Judge Aiken granted Mr. Saccato leave to amend. In his First Amended Complaint ("FAC"), Mr. Saccato now alleges that the CRAs "during their investigation into the Plaintiff [sic] dispute of trade line contacted [U.S. Bank]." (FAC ¶ 7).[1] That allegation is still inadequate because it does not identify what, if anything, the CRAs conveyed when they "contacted" U.S. Bank. *See* Order (Dkt. No. 19) 4–5 (explaining the requirements to state a claim against a furnisher).

U.S. Bank now moves for summary judgment. In addition to the inadequacy of his allegations, the undisputed facts prove that Mr. Saccato cannot satisfy at least two other key elements of his FCRA claim: (1) U.S. Bank accurately reported Mr. Saccato's accounts and Mr. Saccato lacks any evidence proving otherwise, and (2) U.S. Bank's investigation into Mr. Saccato's purported dispute was reasonable. Mr. Saccato candidly admits that his case is built on the (patently incorrect) premise that he could "dispute" information he *knew to be accurate*, and still prevail under the FCRA. Kayser Decl. Ex. 2, Deposition of Larry Saccato ("Saccato

---

[1] Plaintiff attempts to incorporate by reference his original Complaint, and then to alter sections of that Complaint in the FAC. (FAC ¶ 2.) Local Rule 15-1(c) plainly prohibits that approach, stating: "An amended or supplemental pleading must reproduce the entire pleading and may not incorporate any part of the prior pleading by reference." However, because Mr. Saccato proceeds pro se, U.S. Bank will simply address the complaints together unless the Court orders Mr. Saccato to file an amended complaint that conforms with Local Rule 15-1(c).

DEFENDANT U.S. BANK'S MEMORANDUM IN SUPPORT                    Page 2
OF MOTION FOR SUMMARY JUDGMENT

Dep.) at 30:2–30:11, 34:20–25.)  That misguided theory likely explains the spate of similar

claims Mr. Saccato has brought in other cases, including one recently dismissed by this Court.

*See Saccato v. Discover Fin. Servs.*, No. 11-3002-HO (D. Or. Sept. 27, 2011) (order dismissing

with prejudice).[2]

Because there are no material issues of fact, U.S. Bank should be granted judgment as a

matter of law.

## II.  FACTUAL BACKGROUND

In June 2009 and April 2010, Mr. Saccato sent letters to each of the three credit reporting

agencies and to U.S. Bank, stating substantially the same thing: "This is a letter of dispute.  I

recently pulled my credit report and found that US Bank is reporting derogatory information in

my account.  I do not recall ever having this account and dispute this."[3]  Kayser Decl. Ex. 1.  The

letter failed to specify by account number or otherwise to which account Mr. Saccato was

referring or state any other grounds for contending the account was not his.  U.S. Bank received

notice of this general dispute from Experian and Transunion on April 21, 2010, conducted an

investigation, and reported the results to Experian and Transunion.  Buckley Decl. ¶ 5.

After this case was filed, Stephanie Buckley, U.S. Bank's Vice President of Retail

Payment Solutions, performed an additional investigation into the merits of Mr. Saccato's claim

that he could not "recall" having an account with U.S. Bank.  Ms. Buckley discovered that not

only did Mr. Saccato have *an* account with U.S. Bank, he in fact had four credit card accounts,

all with substantial unpaid debts.  Buckley Decl. ¶ 9, Ex. B.  All four credit card accounts

identify Mr. Saccato as the primary account holder.  *Id.* at ¶ 9.  On one of the accounts, Mr.

---

[2] Mr. Saccato even acknowledged in a recent email that the Discover case and this one are similar. Kayser Decl., Ex. 3, Email from Mr. Saccato to Chris Kayser.
[3] Mr. Saccato sent an identical letter with respect to a Discover credit card that he then used as a basis for filing a virtually identical suit against Discover. *See Saccato v. Discovery Financial Serv.*, Case No. 6:11-cv-03002-HO (Dkt 25 at p. 17).

Saccato purchased a plane ticket to Mexico for himself. *Id.* at ¶ 9, Ex. B. Ms. Buckley was able to find the original credit application for another account. *Id.* at ¶ 8, Ex. A. Ms. Buckley also located copies of checks used to pay down some of Mr. Saccato's accounts, written from Mr. Saccato's own checking accounts and signed by him. *Id.* at ¶ 10.

When faced with this information in his deposition, Mr. Saccato repeatedly stated that he would not confirm or deny his ownership of the accounts. Saccato Dep. at 24:14–19, 77:21–78:9, 88:24–89:5. The accounts "very well could have been" his. *Id.* at 24:4-8. He has so many credit cards that he was not sure how many he has, likely between five and ten but possibly more. *Id.* at 20:24-22:3. The account statements for the U.S. Bank accounts addressed to him at his various current and former addresses did not provide him any comfort. *Id.* at 23:24-24:19. He would need to see the original "wet ink" signature on the applications for the accounts to admit they were his. *Id.* at 23:4-8. Mr. Saccato admitted to taking a trip to Mexico but the fact that one of the account statements listed a plane ticket purchased in his name to Mexico did not make a difference. *Id.* at 34:6-10, 36:11-37:13. And when Mr. Saccato was presented with checks written from his account, signed in what, he admitted, "appeared to be" his signature, and used to pay off the credit card accounts, his position remained unchanged. *Id.* at 38:16-39:9. He still would "neither admit or deny" the accounts were his. *Id.* at 39:6-9. In the end, Mr. Saccato cannot deny the credit cards are his.

According to Mr. Saccato, it is irrelevant whether those accounts were or were not his to begin with. Even if they were his and his underlying dispute was baseless, he would still have a valid FCRA claim because U.S. Bank still was purportedly required to identify the account as "disputed" on his credit report. *Id.* at 29:13-22.

//

DEFENDANT U.S. BANK'S MEMORANDUM IN SUPPORT                    Page 4
OF MOTION FOR SUMMARY JUDGMENT

## III. ARGUMENT

A.     **Legal Standard**

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court must view all the facts and reasonable inferences in favor of the nonmoving party. *Blue Ridge Ins. Co. v. Stanewich,* 142 F.3d 1145, 1147 (9th Cir. 1998).  While the moving party must show the absence of a material factual dispute, the nonmoving party cannot just rely on the pleadings to rebut that showing.  *Leisek v. Brightwood Corp.,* 278 F.3d 895, 898 (9th Cir. 2002). Rather, to defeat summary judgment, the nonmoving party must submit *evidence* showing that there *is* a genuine issue of material fact for trial.  *Id.*  And the evidence must be "of sufficient caliber and quantity to support a jury verdict for the nonmovant."  *United Steelworkers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1542 (9th Cir. 1989).  Accordingly, no mere scintilla of evidence, or evidence that is only colorable or barely probative, will suffice.  *Id.*  The evidence is also insufficient if the factual dispute it presents "would not affect the outcome of the suit." *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 919 (9th Cir. 2001); *see also Addisu v. Fred Meyer, Inc.,* 198 F.3d 1130, 1134 (9th Cir. 2000) (substantive law governing a claim or defense determines what facts are material to it).  Finally, "[i]f the factual context makes the non-moving party's claim of a disputed fact *implausible*, then that party must come forward with more persuasive evidence than otherwise would be necessary."  *Blue Ridge,* 142 F.3d at 1147 (emphasis added).

B.     **Plaintiff's FCRA claims fail as a matter of law.**

Plaintiff's FCRA claims fail for two reasons.   First, he is unable to create a dispute of

fact regarding the accuracy of the disputed information. Second, he is unable to dispute that U.S. Bank's investigation and reporting amply complied with the FCRA's requirements.

### 1.    *FCRA Framework*

#### a.    **Requirements of Furnishers Generally under the FCRA**

In this case, plaintiff asserts two FCRA claims against U.S. Bank in the bank's capacity as a "furnisher" of consumer credit information. Plaintiff alleges that inaccurate information furnished by U.S. Bank is being reported on his credit report and that the information was not corrected or identified as disputed after U.S. Bank was notified of the dispute. In the area of consumer credit, a "furnisher" is the party that provides the information that appears on credit reports. *See generally* 15 U.S.C. § 1681s-2. Creditors and account holders are generally "furnishers" of credit report information. "Credit reporting agencies" or "CRAs" are the parties that "assembl[e] or evaluat[e] consumer credit information . . . for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). The three primary CRAs are Equifax, Experian, and TransUnion.

The duties of a credit information "furnisher" under FCRA are governed by Section 1681s-2, the provision upon which plaintiff bases his claims against U.S. Bank. (Compl. at ¶¶ 14-15.) Under Section 1681s-2(b), furnishers are obligated to, among other things, investigate disputed credit information and report the findings of its investigation to the CRAs reporting the information. *Id.* § 1681s-2(b)(1).

#### b.    **Elements of a Claim under 15 U.S.C. § 1681s-2(b)** [4]

A claim against a furnisher under 15 U.S.C. § 1681s-2(b) has five elements: "(1) that the

---

[4] Plaintiff's claim under subsection (a) of this provision was properly dismissed by Judge Aiken because subsection (a) may only be enforced "by federal or state agencies." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). Plaintiff has not added any allegations—nor could he—to support a private action under Section 1681s-2(a).

DEFENDANT U.S. BANK'S MEMORANDUM IN SUPPORT                    Page 6
OF MOTION FOR SUMMARY JUDGMENT

relevant entry on [plaintiff's] credit report was inaccurate; (2) that [plaintiff's] dispute of the entry was reported to the CRA; (3) that the CRA reported the dispute to [the furnisher]; (4) that [the furnisher] failed to investigate and correct the inaccuracy; and (5) that [the furnisher's] failure to investigate and correct the inaccuracy caused plaintiff to suffer a detriment." *Allicon v. Verizon Wireless*, 11-CV-007-SM, 2011 WL 2357600, at *5 (D.N.H. June 9, 2011) (citing *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 29 (1st Cir. 2010)). As discussed below, Mr. Saccato is unable to establish a material question of fact as to at least two key elements: he has no proof that U.S. Bank in fact reported any inaccurate information, and U.S. Bank's evidence is undisputed that it reasonably investigated Mr. Saccato's claim.

> **2.**     ***Plaintiff is unable to create a dispute of fact as to the accuracy of the disputed account information.***

In order to prevail on a claim under the FCRA against a furnisher, a plaintiff must prove that the disputed information was in fact inaccurate. *See Chiang*, 595 F.3d at 37 (holding that plaintiffs suing furnishers under section 1681s-2(b) must show actual inaccuracy of disputed information). The court in *Chiang* explained that it had already required a showing of factual inaccuracy on reinvestigation claims against CRAs under 15 U.S.C. 1681i. *Id.* The court then reasoned at length that such a requirement is also appropriate in a suit against furnishers under section 1681s-2(b). The court's reasoning is persuasive. There is substantial overlap between the investigation and reporting duties of CRAs and furnishers, and "it would be inconsistent for plaintiffs to bear a weightier burden in suits against CRAs . . . than in suits against furnishers." FCRA is designed only to protect consumers against the use of *inaccurate* information.[5] And it is unlikely a plaintiff could ever prevail on a claim for damages for the dissemination of

---

[5] *See also Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) ("[A] primary purpose for the FCRA [is] to protect consumers against *inaccurate and incomplete* credit reporting.") (emphasis added)

DEFENDANT U.S. BANK'S MEMORANDUM IN SUPPORT                                    Page 7
OF MOTION FOR SUMMARY JUDGMENT

information that was accurate. *Id.* at 37–38.

District courts within the Ninth Circuit have readily agreed, also reaching the conclusion that plaintiffs must establish the factual inaccuracy of information reported by a furnisher to prevail under section 1681s-2(b). *See Mackool v. Vanderbilt Mortg. & Fin., Inc.*, 2:11-CV-1391-KJD-GWF, 2011 WL 4344007, at *2 (D. Nev. Sept. 14, 2011) ("To prevail on a claim against a furnisher, a consumer must prove that the furnisher provided inaccurate information to the CRA."); *Baker v. Capital One Bank*, CV 04-1192 PHX-NVW, 2006 WL 2523440, at *4 (D. Ariz. Aug. 29, 2006), *aff'd sub nom.*, *Baker v. Equifax Info. Services, LLC*, 346 F. App'x 219 (9th Cir. 2009) ("To establish a prima facie case of a Fair Credit Reporting Act violation [against a furnisher], [a plaintiff] must present evidence showing that the defendant reported inaccurate information.")[6]

Other courts faced with this issue have agreed. *See Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1040 (D. Minn. 2010), *aff'd,* 413 F. App'x 925 (8th Cir. 2011) ("[B]ecause Edeh cannot show that the information about his debt that was verified by Midland was inaccurate, Edeh cannot recover from Midland under § 1681s–2(b)."); *Allicon v. Verizon Wireless*, 11-CV-007-SM, 2011 WL 2357600 (D.N.H. June 9, 2011) *report and recommendation adopted,* 11-CV-7-SM, 2011 WL 2609207 (D.N.H. June 30, 2011) and *amended,* 11-CV-007-SM, 2011 WL 2681220 (D.N.H. July 8, 2011) ("To prevail on a claim against a furnisher, a consumer must prove that the furnisher provided inaccurate information to the CRA.")

Here, plaintiff's claim fails at two levels. First, he has not identified particular information that was allegedly incorrectly reported, let alone explained why or how the

---

[6] There is no reason to believe the Ninth Circuit will not concur, as it plainly already requires a showing of actual inaccuracy in suits against CRAs under 15 U.S.C. 1681i. *Carvalho v. Equifax Info. Servs.*, 629 F.3d 876, 890 (2010). And, for the reasons explained by the First Circuit in *Chiang*, the Ninth Circuit would be highly likely to apply the same rule to suits against furnishers under section 1681s-2(b).

DEFENDANT U.S. BANK'S MEMORANDUM IN SUPPORT                Page 8
OF MOTION FOR SUMMARY JUDGMENT

information reported was inaccurate.  Second, U.S. Bank did not report inaccurate information about Mr. Saccato.

> ### a.    Mr. Saccato fails to identify allegedly inaccurate information.

Mr. Saccato has never identified the particular information that he believes U.S. Bank reported inaccurately.  Mr. Saccato's dispute letters to each of the CRAs and U.S. Bank stated substantially the same thing: "This is a letter of dispute.  I recently pulled my credit report and found that US Bank is reporting derogatory information in my account.  I do not recall ever having this account and dispute this." (Kayser Decl. Ex. 1.)  Nothing in Mr. Saccato's dispute letters, Complaint, or FAC indicate exactly which accounts he disputes, or what grounds he has for disputing them.

One might argue that the exhibit attached to the FAC identifies one particular account. (FAC Ex. PE101.)  The exhibit is an Equifax report, which references one account that Equifax verified was Mr. Saccato's—number 4833492000097646.[7]  However, the FAC cites that exhibit only for the proposition that the CRAs, "during their investigation into the Plaintiff [sic] dispute of the trade line contacted the credit provider, Defendant U.S. Bank as evidenced attached [sic] hereto." (FAC ¶ 7.)  Nowhere does plaintiff state that the account on the Equifax report is not actually his.  Moreover, as discussed immediately below, Mr. Saccato concedes that he cannot dispute his ownership of that account.  (Saccato Dep. at 77:12–78:9.)

As Mr. Saccato has not identified any particular accounts he contends were not properly attributed to him, he has of course also failed to offer any evidence that those unidentified accounts were inaccurately reported in any way.  U.S. Bank should be granted summary judgment for that reason alone.

---

[7] The Equifax report cuts off the last four digits of the account number; however, the entire account number is included in account statements that show Mr. Saccato as the primary account holder, as discussed below.

DEFENDANT U.S. BANK'S MEMORANDUM IN SUPPORT          Page 9
OF MOTION FOR SUMMARY JUDGMENT

**b.    Any information reported by U.S. Bank about Mr. Saccato was accurate.**

Even if Mr. Saccato had actually identified specific information he disputed as inaccurate, he has failed to offer any evidence of that inaccuracy. At Mr. Saccato's deposition, counsel for U.S. Bank gave Mr. Saccato numerous opportunities to identify accounts that might have been inaccurately reported in some way. However, when U.S. Bank's counsel asked Mr. Saccato directly whether particular accounts were his, Mr. Saccato responded, e.g., "I can't admit or deny," or "Can't deny and can't admit." (Saccato Depo., Kayser Decl. Ex. 2, 24:14–19, 77:21–78:9, 88:24–89:5.) Such equivocation is inadequate to survive summary judgment; because Mr. Saccato cannot deny that the accounts were his, he has not raised a material question of fact as to the proper attribution of those accounts to him.

In contrast, U.S. Bank offers the uncontested declaration of Stephanie Buckley, account statements showing Mr. Saccato as the account holder on several U.S. Bank accounts, and other documentation showing Mr. Saccato's ownership of several credit accounts. (Buckley Decl. and Exhibits A-C). Mr. Saccato has offered nothing to the contrary.

**3.    *U.S. Bank's investigation satisfied the requirements of FCRA.***

Not only has Mr. Saccato failed to dispute that U.S. Bank accurately reported his credit card account information, he is unable to show that U.S. Bank's investigation of that information was unreasonable. The Ninth Circuit has held: "The pertinent question [with respect to a furnisher's investigation] is . . . whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009).

Mr. Saccato's first problem is that, as Judge Aiken already explained, Mr. Saccato must "demonstrate that a CRA's notification informed the furnisher (U.S. Bank here) of the plaintiff's

*specific dispute* at issue in the litigation." (Order (Dkt. No. 19) 5 (emphasis added).).  Mr. Saccato's dispute letters that stated he did not recall having an unspecified account with U.S. Bank did not put the CRAs on notice of the particular information being disputed, so the CRAs could not have conveyed any such particular information to U.S. Bank.  (*See* Kayser Decl. Ex. 1.)  Thus, Mr. Saccato has not established that *any* investigation was required of his vague disputes, and summary judgment should be granted for that reason.

Even if Mr. Saccato had identified particular accounts and shown that the CRAs conveyed notice of that specific dispute to U.S. Bank, he has not identified what procedures would have been reasonable in light of the CRAs' notices of dispute—nor has he offered any proof that U.S. Bank did not conduct such a reasonable investigation.  On the contrary, U.S. Bank offers the uncontested declaration of Stephanie Buckley, in which she explains that U.S. Bank did conduct an investigation, confirmed that any potentially relevant accounts it was reporting were Mr. Saccato's, and reported the results of that investigation to the CRAs. (Buckley Decl. ¶¶ 4-11.)

Thus, Mr. Saccato's claims fail at every step, and summary judgment is appropriate.

**4.      *U.S. Bank is also entitled to summary judgment on plaintiff's claim for injunctive relief.***

For the foregoing reasons, there is no basis for plaintiff's legal claims to proceed.  For those same reasons, there is no basis for injunctive relief in any respect.

//

//

//

//

//

## IV.  CONCLUSION

For all of these reasons, defendant U.S. Bank respectfully requests that this Court grant summary judgment to U.S. Bank on all claims against it.

Dated: November 7, 2011.

LARKINS VACURA LLP

/s/ Christopher J. Kayser
Christopher J. Kayser OSB #984244
Joseph D. Mueller, OSB #111780
Attorneys for U.S. Bank National Association

## CERTIFICATE OF SERVICE

I am over the age of 18 and am not a party to the within action. I am employed in Multnomah County, State of Oregon, and my business address is 621 SW Morrison St., Suite 1450, Portland, Oregon 97205.

On November 7, 2011, I served the following document(s):

**DEFENDANT U.S. BANK'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

on the party or parties listed on the following page(s) in the following manner(s):

☐ **BY HAND DELIVERY:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by messenger to the street address(es) indicated on the attached service list.

☐ **BY FEDERAL EXPRESS:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by Federal Express to the street address(es) indicated on the attached service list.

☒ **BY FIRST-CLASS MAIL:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be deposited in the United States mail at Portland, Oregon, with first-class postage thereon fully prepaid and addressed to the street address(es) indicated on the attached service list.

☐ **BY FACSIMILE:** For each party, I caused a copy of the document(s) to be sent by facsimile to the facsimile number(s) indicated on the attached service list. If this action is pending in Oregon state court, then printed confirmation of receipt of the facsimile generated by the transmitting machine is attached hereto.

☐ **BY E-MAIL:** For each party, I caused a copy of the document(s) to be sent by electronic mail to the e-mail address(es) indicated on the attached service list. If this action is pending in Oregon state court, then I received confirmation that the e-mail was received.

☐ **BY ECF:** For each party, I caused a copy of the document(s) to be sent by electronic mail via ECF to the e-mail address(es) indicated on the attached service list.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

/s/Christopher J. Kayser
Christopher J. Kayser

Lawrence James Saccato
c/o 6387 Old Hwy 99 S
Roseburg Oregon 97470