**Christopher J. Kayser,** OSB #984244
cjkayser@larkinsvacura.com
**Joseph D. Mueller** OSB #111780
jmueller@larkinsvacura.com
**Larkins Vacura LLP**
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
Telephone:  503-222-4424
Facsimile:  503-827-7600
Attorneys for U.S. Bank National Association

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

**LAWRENCE JAMES SACCATO,**

        Plaintiff Pro Se,        Case No. 6:10-cv-06244-AA

    v.

**DAVIS LAW FIRM**,        DEFENDANT U.S. BANK'S
        OPPOSITION TO PLAINTIFF'S MOTION
        Defendant,        FOR EXTENSION OF CASE DEADLINES

**U.S. BANK NATIONAL ASSOCIATION**
**N.D.,**        Co-Defendant.

**DOES 1 THROUGH 10.**

      Plaintiff seeks a thirty-day extension of time purportedly to conduct more discovery and take more depositions in this case that has now been pending for over a year.  If that discovery were necessary, U.S. Bank would be inclined to agree to the extension.  However, U.S. Bank has already produced over 1300 pages of documents it reasonably could locate related to Mr. Saccato's credit dispute (including U.S. Bank's policies related to such disputes) and has made available a U.S. Bank vice president for a three-hour deposition.  Mr. Saccato's claim is not that complicated.  He contends that when he complained that an unspecified U.S Bank credit card

account was not his (though it was his, a fact he admittedly cannot deny), U.S. Bank was required to report the account as "disputed" to the credit reporting bureaus. As explained in U.S. Bank's recent Motion for Summary Judgment, Mr. Saccato's claims are baseless—as this court has already found with respect to a nearly identical claim by Mr. Saccato against another credit card company. (*See* U.S. Bank's Memo in Supp. of Summ. J. (Dkt. No. 50).) Accordingly, U.S. Bank now objects to any further extension of the discovery deadlines in this case.

More specifically, Mr. Saccato's motion for further extending case deadlines should be denied for three reasons.

First, U.S. Bank has provided Mr. Saccato with all documents it has related to this credit dispute, including overwhelming confirmation that the U.S. Bank accounts he "does not recall" are in fact his—including account statements, credit applications, and checks paying down the account. (Am. Buckley Decl. (Dkt. No. 53) ¶¶ 8-11.) U.S. Bank also provided Mr. Saccato a three-hour deposition of a U.S. Bank Vice President, Stephanie Buckley. Any additional discovery he now seeks is overbroad, irrelevant, and beyond the scope of discovery.

Second, the schedule in this case had already been extended twice, for a total of approximately 150 days. U.S. Bank has fully complied with discovery during that time, and nothing in Mr. Saccato's motion for further extension of time justifies further dragging out this matter.

Third, U.S. Bank has filed a Motion for Summary Judgment, explaining why Mr. Saccato's claims fail at every level. Nothing in Mr. Saccato's motion for extension of case deadlines, nor in any of his overbroad and largely irrelevant document requests, suggests Mr. Saccato would ever be able to overcome the fatal deficiencies in his claims. Thus, any further discovery is unwarranted, even if U.S. Bank had not already produced all relevant documents in

its possession—which it has.

Dated: November 9, 2011.

                              LARKINS VACURA LLP

                              /s/ Joseph D. Mueller
                              Christopher J. Kayser OSB #984244
                              Joseph D. Mueller, OSB #111780
                              Attorneys for U.S. Bank National Association

## CERTIFICATE OF SERVICE

I am over the age of 18 and am not a party to the within action. I am employed in Multnomah County, State of Oregon, and my business address is 621 SW Morrison St., Suite 1450, Portland, Oregon 97205.

On November 9, 2011, I served the following document(s):

**DEFENDANT U.S. BANK'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF CASE DEADLINES**

on the party or parties listed on the following page(s) in the following manner(s):

☐ **BY HAND DELIVERY:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by messenger to the street address(es) indicated on the attached service list.

☐ **BY FEDERAL EXPRESS:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by Federal Express to the street address(es) indicated on the attached service list.

☒ **BY FIRST-CLASS MAIL:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be deposited in the United States mail at Portland, Oregon, with first-class postage thereon fully prepaid and addressed to the street address(es) indicated on the attached service list.

☐ **BY FACSIMILE:** For each party, I caused a copy of the document(s) to be sent by facsimile to the facsimile number(s) indicated on the attached service list. If this action is pending in Oregon state court, then printed confirmation of receipt of the facsimile generated by the transmitting machine is attached hereto.

☐ **BY E-MAIL:** For each party, I caused a copy of the document(s) to be sent by electronic mail to the e-mail address(es) indicated on the attached service list. If this action is pending in Oregon state court, then I received confirmation that the e-mail was received.

☐ **BY ECF:** For each party, I caused a copy of the document(s) to be sent by electronic mail via ECF to the e-mail address(es) indicated on the attached service list.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

/s/Joseph D. Mueller  
Joseph D. Mueller

Lawrence James Saccato
6387 Old Hwy 99S
Roseburg, OR 97470

Page 2 – Certificate of Service