UNITED STATES DISTRICT COURT
FOR OREGON
EUGENE DIVISION

HONORABLE JUDGE MICHAEL R. HOGAN

| | |
|---|---|
| Lawrence James Saccato<br>   Plaintiff ProSe'<br><br>Vs.<br><br><br>U.S. Bank National Association N.D.<br><br>   Co-Defendant | § <br> § <br> §   Case No:10-CV-06244-HO<br> § <br> §   MOTION FOR SUMMARY<br> §   JUDGMENT IN FAVOR OF<br> §   PLAINTIFF<br> § <br> § <br> § |

**PLAINTIFFS MOTION FOR SUMMARY JUDGMENT**

**LR 7.1-1 Certification**

The undersigned Plaintiff Lawrence James Saccato pro se, has made a good faith effort and conferred with Defendants Counsel, Chris Kayser by telephone and e-mail concerning this motion. The parties have not been able to resolve this dispute.

Plaintiff respectfully moves this Court for an order granting summary judgment in favor of the Plaintiff, pursuant to FRCP Rule 56, on the grounds that Defendant pulled Plaintiff's credit report during litigation under false pretenses which is a violation of FCRA Act § 619 Obtaining information under false pretenses [15 U.S.C. § 1681q] and supported with the follow case law:

> Rice v. Montgomery Ward & Co., Inc. 450 F. Supp. 688, 670-72 (M.D. N.C. 1978)
> (<u>Defendant violates FCRA if it obtains a consumer report on Plaintiff after Plaintiff institutes an action against defendant. Such an inquiry is impermissible</u>.);

Page -1-

Bils v. Nixon, Hargrave, Devans & Doyle, 880 P.2d 743 (Ariz. App. 1994) (improper to get report to discover information which might be used in litgation); Duncan v. Handmaker, 149 F.3d 424, 426-28 (6th Cir. 1998) (no legitimate business needs to obtain report to prepare for litigation); Bakker v. Mckinnon, 152 F.3d 1007, 1011-12 (8th Cir. 1998) (same);

Auriemma v. Montgomery, 860 f.2d 273, 279, 280-281 (7th Cir. 1998) (extra-judicial I investigation by attorneys improper; no privilege);

Mone v. Dranow, 945 F.2d 306, 308 (9th Cir. 1991) (obtaining credit report to investigate for purposes of litigation improper);

Boothe v. TRW Credit Data, 557 F. Supp. 66, 70-71 (S.D.N.Y. 1982); Rylewicz v. Beaton Services, Ltd., 698 F. Supp.. 1391, 1400 n. 10 (N.D. Ill. 1988), aff'd 888F.2d 1175, 1181 (7th Cir. 1989); Houghton v. N.J. Maunfacturer's Ins. Co., 795 F.2d 1144, 1149 (3d Cir. 1986) (obtaining report after litigation for use in litigation improper).

Plaintiff is also entitled to summary judgment as a matter of law.

This motion is based on this Notice, the records and papers on file herein, the attached Memorandum of Points and Authorities, the Declaration of Lawrence James Saccato, the attached Separate Statement of Undisputed Material Facts, and on such other evidence as may be presented at the hearing of this motion.

Respectfully submitted this 7th day of November, 2011.

*Lawrence Saccato* (signature)

Lawrence James Saccato pro se'
C/o 6387 Old Hwy 99 S
Roseburg Oregon 97470
541-784-2284 mess.
ljsaccato@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that a copies of the forgoing Plaintiff's MOTION FOR SUMMARY JUDGMENT, MEMORANDUM OF POINTS AND AUTHORITIES, PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS, and DECLARATION OF LAWRENCE JAMES SACCATO with Supporting Exhibits for Case # 10-06244-HO, was sent by First Class Mail with postage prepaid through the United States Post Office to:

Clerk of the Court
Wayne L. Morse
United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401


Chris Kayser for
U.S. Bank National Association N.D.
621 SW Morrison St. Suite 1450
Portland, Oregon 97205


They were deposited in the United States Post Office in Roseburg, Oregon on November 7, 2011.


*LAWRENCE SACCATO*
Lawrence James Saccato, Plaintiff
c/o 6387 Old Highway 99 S
Roseburg, Oregon 97471
541-784-2284 mess.
ljsaccato@gmail.com