## UNITED STATES DISTRICT COURT
### FOR OREGON
### EUGENE DIVISION

HONORABLE JUDGE MICHAEL R. HOGAN

| | | |
|---|---|---|
| Lawrence James Saccato | § | |
| Plaintiff ProSe' | § | |
| | § | Case No:10-CV-06244-HO |
| Vs. | § | |
| | § | OPPOSITION TO MOTION FOR |
| | § | SUMMARY JUDGMENT IN |
| U.S. Bank National Association N.D. | § | FAVOR OF DEFENDANT |
| | § | |
| Co-Defendant | § | |
| | § | |

## PLAINTIFFS MOTION FOR SUMMARY JUDGMENT

### LR 7.1-1 Certification

The undersigned Plaintiff Lawrence James Saccato pro se, has made a good faith effort and conferred with Defendants Counsel, Chris Kayser by telephone and e-mail concerning this motion. The parties have not been able to resolve this dispute.

### OPPOSITION TO MOTION TO FOR SUMMARY JUDGMENT

Comes now the Plaintiff Lawrence James Saccato Pro se, and files this Motion in Opposition to Defendant U.S. Bank's Motion for Summary Judgment in favor of the Defendant.

(1)

Opposition to Defendants motion for Summary Judgment:

      To defeat Defendants motion for summary judgment, Plaintiff need not present any direct evidence of conscious or reckless disregard. Rather, he must merely present evidence from which the trier of fact could deduce such disregard. Cushman v. Trans Union Corp., 920 F. Supp. 80, 84 (E.D. Pa. 1996) ("It is not necessary for the plaintiff to produce a `smoking gun' or other form of definite proof.") aff'd 115 F.3d 220 (3rd Cir. 1997). "Instead, where intent has not been explicitly expressed, the trier of fact may deduce it from the surrounding circumstances."30 Ibid.

(2)

      The "surrounding circumstances" may include a defendant's awareness of the problems and failure to take any corrective action, both of which are present here. See, e.g., Coughlin v. Tailhook Assn.,112 F.3d 1052, 1057 (9th Cir. 1997) (hotel's knowledge of prior convention-related assaults and its failure to take adequate steps to prevent such occurrences supported jury's finding of "conscious disregard"); Larez v. City of Los Angeles, 946 F.2d 630, 646-47, 649 (9th Cir. 1991) (affirming award of punitive damages based on police chief's "recklessness or callous indifference" to prior complaints concerning inadequate procedures); Ingram v. Acands, Inc., 977 F.2d 1332, 1342 (9th Cir. 1992) (knowledge of health risks of asbestos and failure to provide warning constituted "wanton disregard" entitling plaintiff to punitive damages).

(3)

      "When willfulness is an issue, summary judgment should be granted with caution, since questions such as intent or motive are presented." Simpson v. United States, 652 F.2d 831, 834 (9th Cir. 1981) ("Whether the efforts of [defendant] were so feeble as to rise to the level of willfulness is a material issue of fact which should have prevented summary judgment and which now warrants reversal."). See also Miller, 945 F.2d at 1467.

(4)

In numerous FCRA cases, courts have consistently denied defendant's motion for summary judgment on punitive damages. Wiggins, 848 F. Supp. at 219 ("this Court cannot say that the record shows willfulness, or the absence of willfulness, as a matter of law. Rather, the Court believes that it should be left to the jury to resolve the disputed facts and decide whether those facts demonstrate a willful failure to follow reasonable procedures.") (Citing Collins v. Retail Credit Co., 410 F. Supp. 924, 931-32 (E.D. Mich. 1976).

(5)

Summary judgment is appropriate only when the designated evidentiary material shows that there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Id.; Ind. Trial Rule 56©. When reviewing an entry of summary judgment, we stand in the shoes of the trial court. Sizemore v. Templeton Oil Co., 724 N.E.2d 647, 650 (Ind. Ct. App. 2000).

(6)

Defendant admits they were notified by the Credit Reporting Agencies and evidenced in the record (see Case 6:10-cv-06244-HO Document 49 Filed 11/07/11 Page 2 of 24 Page ID#: 197 Par 5) . There is also evidence that the Plaintiff contacted the CRA's and the Defendant U.S. Bank directly as required. There has been no evidence provided that there was a proper investigation or re-investigation completed, much less during the 30 day time period after the disputes were received.

## FCRA STANDARDS

(7)

The FCRA does not directly define the standard necessary to "conduct an investigation." U.S. Bank would have the Court find that the creditor/furnisher is permitted to fully define the nature and extent of this obligation. It has argued that it satisfied this requirement by merely proofreading the credit reporting agency data to make sure two out of four variables of name,

address, social security number and date of birth contained therein matched two of the same four variables in its current summary CIS cover screen. This position is absurd and would run contrary to the remedial purpose of the FCRA. The statute should be liberally construed. Guimond v. Trans Union, 45 F.3d 1329 (9th Cir. 1995).

### (8)

Strict enforcement would better serve Congress' goal of assuring 'maximum possible accuracy' in consumer reports. In re Equifax, 96 FTC 1045, 1066 (1980), rev'd in part on other grounds, 678 F.2d 1047, 1052 (11th Cir. 1982)(whether procedures followed posed an unreasonable risk of producing error.) The investigation requirements of 15 U.S.C. § 1681s-2(b)(1) are not self-regulating.

### (9)

U.S. Bank does not satisfy the requirements therein by labeling the barest of reviews an FCRA investigation. This position is consistent with the only published case which has addressed the exact same issue, Bruce v. First U.S.A. Bank, N.A.. 103 F.Supp. 2d 1135 (E.D. Mo. 2000). The Court considered an identical claim as in the present case - a consumer claimed that a disputed credit card account was incorrectly attributed to him. But unlike the present case, First U.S.A. did considerably more than merely review a summary of its account. Instead, First U.S.A.'s investigation consisted of a 'standard procedure,' whereby it reviewed the history of the accounts, including payment history, unusual activity in the accounts, previous disputes, review of the credit card applications and a comparison of signatures. Id. at 1139.

### (10)

Nevertheless, in addressing the creditors' motion for summary judgment and it's claim that this "investigation" procedure was sufficient under the FCRA, the Court adopted the "reasonableness standard" for 1681s-2(b)(1) investigations. Id. at 1143. Bruce concluded that "whether a reasonable investigation has been conducted is generally a question of fact for a

jury." Id. at 1143 citing Henson v. CSC Credit Services, 29 F.3d 290, 287 (7th Cir. 1994).
Because the creditor's investigation had consisted solely of a review of its own internal records,
the Court held, [A] rational jury considering this evidence could conclude that First U.S.A.
negligently failed to take reasonable steps to verify the accuracy of the information it reported to
the agencies. Summary judgment is therefore inappropriate on plaintiff's claim of negligent
violation of the FCRA. . . . For the same reasons as stated above with respect to plaintiff's claim
of negligent violation of the FCRA, I believe that there are genuine disputes of fact regarding
plaintiff's claim that First U.S.A. willfully failed to conduct an investigation of his disputes.
Bruce, 103 F.Supp. at 1144.

## (11)

The Defendant has challenged the federal Court's holding in Bruce. It does so only by
ignoring the reasoned and detailed analysis within the opinion. The Court considered § 1681s-
2(b) in the context of the entirety of § 1681s-2. This entire section was adopted in 1996 as a
single amendment to the FCRA. The Court cannot separate one section from another. § 1681s-
2(a) may not have a direct private remedy, but it unambiguously establishes the purpose for the
1996 amendment. Defendant would have the Court read the subparagraphs of the single
amendment in isolation. This position is unreasoned and absurd.

## (12)

The best explanation and reconciliation of the two subparagraphs (a) and (b) is as
explained in Plaintiff's summary judgment memorandum. The clearest construction of the two
sections would apply them as follows: A creditor may not report inaccurate information to a
credit reporting agency. If it has reason to believe an account or other information is being
inaccurately reported, it must remove same. However, a consumer is not permitted to sue the
creditor until he or she has provided it a demand for investigation through the relevant credit
reporting agency. The consumer may then sue the creditor if it still fails to remove the inaccuracy
upon its reasonable investigation.

## CONCLUSION

Even taking the time to review the arcade of irrelevant immaterial information submitted as evidence attached to the Defendant's motion for summary judgment, Defendant falls drastically short of rising to the level of obtaining a summary judgment.

For example, the only evidence produced of any of the required investigations whatsoever, is the reinvestigation that was completed by Mrs Buckley. This alleged re-investigation is being brought forth approximately 2 years beyond the 30 day response time for complying with the Defendant US Banks the responsibilities of the FCRA. The attempt at re-investigation which as submitted, yet again violates another provision of the FCRA. The Defendant and its Counsel failing to redact or truncate the sensitive information such as the Social Security Number. This is a very important portion of the FCRA that the Defendant as an information provider is mandated to comply with..

In addition, the fact that both the Defendant and its Counsel have again displayed their flagrant disregard for the law and rules that govern their actions under the FCRA, FRCP, Pacer and other Federal and State Laws by their failing to truncate the social security number and other sensitive information into the record and public view. This most recent violative act by the Defendant, U.S. Bank and it's Counsel gives rise to yet another FCRA violation that will take place in another action to come in the future.

As a matter of fact, if the Court fails to take the matter it under it's own volition to sanction Mr. Kayser and the Larkin and Vacura Firm, then the Plaintiff respectfully requests such sanctions be imposed.

This most recent inexcusable violation by the Defendant and condoned by the Larkin and Vacura Firm, will undoubtably cause irreparable damage to the Plaintiff for a long time to come. Mr Kayser and his Firm are suppose to be professionals and were in good standing with the Oregon State BAR Association and know better.

The Credit Providers (Banks)  believe that they are above the law. Many of them wilfully defy the very laws that Congress and the FTC have put into place to govern them. When someone challenges their violations, they just hire a large law firm to try and finagle and outspend their opponents out of the law suit(s). Many such firms will do whatever is necessary, including but not limited to, undermine their ethics by condoning the continued breaking of the very same laws that they are defending their Clients for.

Based upon the above information, evidence submitted into the record and as a matter of law, Plaintiff respectfully moves the Court to **DENY** the Defendant US Bank's Motion for Summary Judgment.  Plaintiff instead respectfully requests that the Court to Grant Summary Judgment in favor of the Plaintiff or in the alternative, move this case foreword to a jury trial as requested..

Respectfully submitted this 15th day of November, 2011.

*LAWRENCE SACCATO*

Lawrence James Saccato pro se'
C/o 6387 Old Hwy 99 S
Roseburg Oregon 97470
541-784-2284 mess.
ljsaccato@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that a copies of the forgoing Motion in opposition to Defendants Motion for Summary Judgment  for Case No. # 10-06244-HO, was sent by First Class Mail with postage prepaid through the United States Post Office to:

Clerk of the Court
Wayne L. Morse
United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401


Chris Kayser for
U.S. Bank National Association N.D.
621 SW Morrison St. Suite 1450
Portland, Oregon 97205


They were deposited in the United States Post Office in Roseburg, Oregon on November 15, 2011.


*LAWRENCE SACCATO*

Lawrence James Saccato, Plaintiff
c/o 6387 Old Highway 99 S
Roseburg, Oregon 97471
541-784-2284 mess.
ljsaccato@gmail.com