**Christopher J. Kayser,** OSB #984244
cjkayser@larkinsvacura.com
**Joseph D. Mueller** OSB #111780
jmueller@larkinsvacura.com
**Larkins Vacura LLP**
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
Telephone:  503-222-4424
Facsimile:  503-827-7600
Attorneys for U.S. Bank National Association

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **LAWRENCE JAMES SACCATO,** | |
| Plaintiff Pro Se, | Case No. 6:10-cv-06244-HO |
| v. | |
| **DAVIS LAW FIRM**, | DEFENDANT U.S. BANK'S OPPOSITION TO PLAINTIFF'S MOTIONS FOR |
| Defendant, | SUMMARY JUDGMENT |
| **U.S. BANK NATIONAL ASSOCIATION N.D.,**     Co-Defendant. | |
| **DOES 1 THROUGH 10.** | |

## I.  INTRODUCTION

U.S. Bank National Association ND (U.S. Bank) files this Opposition to plaintiff's three pending motions for summary judgment.[1]  U.S. Bank's Motion for Summary Judgment already explained why it is entitled to judgment as a matter of law on plaintiff's only alleged FCRA claim.  That claim is based on plaintiff's general dispute letters in which he says he does not "recall" having a U.S. Bank credit card account that was identified on his credit report.

---

[1] Dkt. Nos. 58, 63, and 74.

However, the undisputed evidence is that plaintiff had several credit card accounts with U.S. Bank (which he cannot deny), each with significant unpaid debts. After receiving notice of this dispute from credit reporting agencies ("CRAs"), U.S. Bank met its FCRA responsibilities when it conducted a reasonable investigation of plaintiff's purported "dispute" and confirmed that his credit card accounts were accurately reported as belonging to him. (*See* Amended Memo. in Supp. (Dkt. No. 70).)

Plaintiff's three motions do not dispute that the U.S. Bank credit card accounts appearing on his credit report were in fact his. Indeed, he now abandons his original theories on which his FCRA claim is based. Instead, he argues that the balances of the accounts were somehow incorrect, which of course would only be relevant if the accounts were in fact his. Thus, plaintiff has essentially conceded that he owned the accounts, which was the only issue which gave rise to U.S. Bank's FCRA responsibilities in the first place. That alone should end this case.

That plaintiff never previously complained about the accuracy of account balances is not the only reason his new theory fails. Even if his complaint had alleged that the account balances were wrong, he still cannot meet the three basic requirements for a FCRA claim against U.S. Bank, each of which independently would be sufficient to deny plaintiff's motions: (1) he has never explained how the information reported was actually inaccurate; (2) he did not dispute his account balances to a CRA; and (3) he has not pled that a CRA reported such a dispute to U.S. Bank. Therefore U.S. Bank had no duty to conduct *any* investigation of a dispute concerning the accuracy of account balances, and plaintiff's FCRA claim fails as a matter of law.

In yet another effort to raise new claims beyond the allegations of his complaint, plaintiff also contends that U.S. Bank violated the FCRA by accessing his credit report. That unpled claim is without basis. Even if plaintiff had pled it, it is permissible under the FCRA for a bank

to review its credit card holder's credit report for the purpose of an account review or collection. Here, at the time of the purported review (which U.S. Bank accepts as true only for purposes of this motion), plaintiff had significant outstanding credit card debts. Any purported access of his credit report would therefore have been permissible to review his account or to aid in collection.

Finally, Mr. Saccato also tries to make an FCRA case out of an inadvertent inclusion of personal information in a declaration exhibit submitted in support of U.S. Bank's Motion for Summary Judgment.[2]  U.S. Bank and its counsel regret the mistake, have since redacted the information, and had the unredacted documents filed under seal.  But that inadvertent error does not amount to a violation of FCRA or give rise to a private right of action.

## II.  FACTUAL BACKGROUND

U.S. Bank hereby incorporates by reference the factual discussion supporting its Motion for Summary Judgment.  (U.S. Bank's Am. Memo. in Supp. (Dkt. No. 70) at 3-4.)

## III.  ARGUMENT

**A.     Plaintiff's FCRA claim still fails as a matter of law.**

As previously briefed in U.S. Bank's Motion for Summary Judgment (*See* Amended Memo. in Supp. (Dkt. No. 70) at 6–9.), for a plaintiff to state an FCRA claim against a "furnisher" (like U.S. Bank), five elements must be met:  (1) the relevant entry on plaintiff's credit report was inaccurate; (2) plaintiff's dispute of the entry was reported to the CRA; (3) the CRA reported the dispute to the furnisher; (4) the furnisher failed to investigate and correct the inaccuracy; and (5) the furnisher's failure to investigate and correct the inaccuracy caused plaintiff to suffer a detriment. *Allicon v. Verizon Wireless*, 11-CV-007-SM, 2011 WL 2357600, at *5 (D.N.H. June 9, 2011) (citing *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 29 (1st

---

[2] Plaintiff has also filed a complaint with the Oregon Department of Justice related to these allegations and with the Oregon State Bar against the undersigned counsel.

Cir. 2010)).  Plaintiff continues to ignore these requirements (none of which he can meet), clinging instead to his theory that U.S. Bank was required to mark information as disputed even if it was accurate, and (now, it seems) even if he never actually disputed it.

U.S. Bank already explained why plaintiff's bogus "dispute" of his ownership of U.S. Bank credit card accounts fails the first requirement of an FCRA claim:  those credit card accounts were accurately reported as belonging to him.  (*See* Am. Memo. in Supp. (Dkt. No. 70)).  Having no answer to those undisputed facts, plaintiff concedes his ownership of the accounts, and instead argues that the account balances were inaccurate.  That plaintiff now raises for the first time an entirely new (yet equally meritless) "dispute" proves his inability to establish the second requirement of an FCRA claim:  that this dispute was reported to a CRA.  *Gorman v. Wolpoff & Abramson*, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009) cert. denied, 131 S. Ct. 71, 178 L. Ed. 2d 23 (U.S. 2010) (a furnisher's duties to investigate a dispute "arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under [the FCRA]").  Plaintiff has not alleged anywhere (nor could he in good faith) that he disputed the accuracy of his account balances to anyone, let alone a CRA.  Given that deficiency, plaintiff also fails the third requirement of a valid FCRA claim:  that his alleged account balance dispute was reported by a CRA to U.S. Bank—the same grounds on which Judge Aiken already dismissed plaintiff's claims once in this case.  *See* Dkt. No.19 (order dismissing plaintiff's claims regarding ownership of his accounts). These omissions are fatal here, and Mr. Saccato's FCRA claim fails as a matter of law.

But aside from not establishing the most basic elements of an FCRA claim, plaintiff's newly alleged account balance dispute suffers from an equally fatal defect.  Plaintiff never says *how* the account balances as reported were actually inaccurate in any way.  See *Chiang*, 595 F.3d

at 29 (burden is on plaintiff to prove actual inaccuracies that furnisher could have found through a reasonable investigation). Plaintiff merely points to the amount reported on his credit report, and states baldly that those numbers do not appear to be the same as numbers on U.S. Bank's account statements. (*See* Pl.'s Mot. for Summ. J. (Dkt. No. 63) at 4-5.) However, plaintiff has never committed to which figure is inaccurate – the account statements or the credit report – or why, and has thus failed to allege that the information reported by U.S. Bank to a CRA was inaccurate in any way. Moreover, plaintiff deposed Stephanie Buckley, a U.S. Bank Vice President, who explained at length precisely why the reported figure differs from the account statement: in short, the amount reported would be the "charge-off balance," which would include certain interest and late fees. (Buckley Dep., Kayser Decl. in Supp. of U.S. Bank's Opp., Ex. 1, 74:6-76:25.) That evidence remains unrebutted by plaintiff, and therefore plaintiff certainly has not established, as required for summary judgment, that the information reported by U.S. Bank was actually inaccurate. Thus, even if plaintiff had pled a claim regarding his account balances, and even if he had properly disputed those balances and pled that a CRA reported such a dispute to U.S. Bank, his FCRA claim would still fail because the information reported was accurate. *See Chiang*, 595 F.3d at 29.

In sum, U.S. Bank conducted a reasonable investigation of the only dispute that plaintiff arguably reported to a CRA (that he did not "recall" having a U.S. Bank credit card) and correctly determined that U.S. Bank was accurately reporting plaintiff's ownership of U.S. Bank credit card accounts. Plaintiff's new purported account balance dispute does not cross the threshold of even the most basic requirements of a claim under FCRA: he did not report any dispute about account balances to any CRA, no CRA reported such a dispute to U.S. Bank, and U.S. Bank has shown that the information reported was accurate.

B.  **Plaintiff's arguments about U.S. Bank's review of his credit report are meritless.**

In one of his three motions for summary judgment, plaintiff also argues that he is entitled to summary judgment on an unpled claim under 15 U.S.C. § 1681q because U.S. Bank purportedly reviewed his credit report on or about February 1, 2011. (Pl.'s Mot. for Summ. J. (Dkt. No. 58).)[3]  Section 1681q provides: "Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both."  Plaintiff's argument fails for two reasons.

First, plaintiff has not alleged—nor even attempted to allege—a claim under 15 U.S.C. § 1681q in any complaint.[4]  For that reason alone, plaintiff may not seek summary judgment on any such argument now.  *See, e.g., Dolan v. United States*, CIV. 05-3062-CL, 2008 WL 362556, at *22 (D. Or. Feb. 8, 2008) ("A plaintiff is not allowed to add new claims not included in the complaint through briefing on a motion for summary judgment.") (citing *Gilmour v. Gates, McDonald and Co.,* 382 F.3d 1312, 1315 (11th Cir. 2004).

Second, the FCRA permits a creditor to access a credit report in connection with "review or collection of an account [] of the consumer." 15 U.S.C. § 1681b(a)(3)(A).  When a permissible purpose exists, "parties may obtain, and consumer reporting agencies may furnish, consumer reports without the consumers' permission or over their objection." Federal Trade Commission Commentary on the FCRA, 16 C.F.R. Part 600, Appendix, § 604, p. 512 (2005); *see also Baker v. Trans Union LLC*, CV 07-8032-PCT-JAT, 2009 WL 4042909, at *3 (D. Ariz.

---

[3] Because plaintiff has not previously pled that claim, U.S. Bank has not endeavored to determine the truth of the alleged facts.  Solely for the purposes of this motion, U.S. Bank assumes the facts plaintiff alleges in his motion for summary judgment as true.

[4] Plaintiff's "Notice" to the Court about U.S. Bank's alleged review of his credit report does not even pretend to meet the Fed. R. Civ. P. 15 requirements for amending a pleading or otherwise constitute an amended complaint. (Dkt. No. 31.)  Notably, that notice did not seek leave to file an amended complaint, made no attempt to assert any private right of action against U.S. Bank, and did not purport to amount to an amended complaint.

Nov. 19, 2009) (same); *Sterigopoulos & Castro v. First Midwest Bancorp.*, 427 F.3d 1043, 1046-47 (7th Cir. 2005) ("[T]he statute does not require that consumers expressly approve each request for a report."). In this case, at the time of the purported credit report review (which U.S. Bank accepts as true only for purposes of this motion), plaintiff had a significant outstanding credit card debt related to several different credit accounts. (*See* Dkt. No. 71, Ex. B.). It was therefore permissible for U.S. Bank to access plaintiff's credit report in connection with "review or collection of [his] account[s]." 15 U.S.C. § 1681b(a)(3)(A); *see also, Trikas v. Universal Card Servs. Corp.*, 351 F. Supp. 2d 37, 42 (E.D.N.Y. 2005) (bank's mistaken review of plaintiff's closed account was nonetheless permissible, entitling bank to summary judgment); *McNall v. Credit Bureau of Josephine County*, 689 F. Supp. 2d 1265, 1273 (D. Or. 2010) (debt collector's use of credit report in connection with collection of a debt is a permissible purpose under the FCRA); *see also Korotki v. Attorney Servs. Corp.*, 931 F.Supp. 1269, 1276 (D.Md. 1996) ("so long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA.").

Plaintiff's contrary conclusory allegation in his motion for summary judgment, that U.S. Bank lacked a permissible purpose for accessing his credit report, is insufficient to create a genuine issue of fact even if he had alleged such a claim in his complaint. *See Clymer v. Discover Bank*, EDCV 10-01526 VAP, 2011 WL 3319542 (C.D. Cal. July 29, 2011) (holding that a "conclusory allegation that [defendant] lacked a 'permissible purpose' is insufficient to create a genuine issue of fact" for purposes of plaintiff's FCRA claim). Thus, all of plaintiff's cited case law is inapposite; in those cases, plaintiffs showed that defendants had accessed the credit report in question for improper purposes. *See,e.g.*, *Mone v. Dranow*, 945 F.2d 306, 308 (9th Cir. 1991) (finding that a party accessed a credit report without a permissible purpose). In

short, Mr. Saccato wants it both ways—that U.S. Bank was required to conduct an investigation of the information it was reporting on his credit report, but could not review that credit report to see what was reported there. As discussed above, that is not the law.

In sum, the Court need not consider Mr. Saccato's arguments about U.S. Bank's review of his credit report because he did not plead any relevant claim. Even if he had, U.S. Bank reviewed Mr. Saccato's credit report for a proper purpose—and Mr. Saccato has presented no evidence to the contrary. Plaintiff's Motion for Summary Judgment should therefore be denied as to this unpled claim.

## C. Plaintiff's arguments about the inadvertent inclusion of his personal information are irrelevant to this case.

In his third Motion for Summary Judgment and supporting documents (Dkt. No. 74), plaintiff simply restates his FCRA claim under 15 U.S.C. § 1681s-2(b) (addressed above), but now seems to argue that the inadvertent inclusion of plaintiff's identifying information in a declaration exhibit somehow relates to that FCRA claim. The inclusion of personal information has no bearing on any element of plaintiff's FCRA claim, and does nothing to repair the deficiencies in that claim, discussed above.

Plaintiff references "1681(n) and (o)"—presumably 15 U.S.C. §§ 1681n and 1681o[5]—but neither is relevant to plaintiff's assertions about the personal identifying information. Sections 1681n and 1681o recite the standards for showing negligent or willful violations "of this subchapter" [of the FCRA], and are not independent causes of action. Here then, plaintiff must show a violation of 15 U.S.C. § 1681s-2(b)—the only FCRA claim he makes—in order for sections 1681n or 1681o to be relevant. As discussed above, plaintiff's claim under section 1681s-2(b) fails as a matter of law, and therefore sections 1681n and 1681o are irrelevant—and

---

[5] "1681(n) and (o)" do not exist.

even if his FCRA claim were viable, Mr. Saccato's complaints about the inclusion of identifying information in an exhibit in this litigation would still have no bearing on that claim.  Nor do plaintiff's allegations of a violation of Fed. R. Civ. P. 5.2 give rise to a private cause of action. *See Living Designs, Inc. v. E.I. Dupont de Nemours, 431 F.3d 353, 372 (9th Cir.2005); Good v. Khosrowshahi,* 296 Fed Appx. 676, 680 (10th Cir.2008) (Rule 5.2 of the Federal Rules of Civil Procedure does not create a private right of action for failure to redact personal information from a document filed electronically); *c.f., In re Lenz*, 448 B.R. 832, 837 (Bankr. D. Or. 2011) (no private right of action for violating similar Bankruptcy Rule requiring redaction of social security number in public filings).

Plaintiff has never alleged any claim for which the inclusion of identifying information would be remotely relevant, and his third Motion for Summary Judgment should be denied.

## IV.  CONCLUSION

For all of these reasons, defendant U.S. Bank respectfully requests that this Court deny all three of plaintiff's motions for summary judgment.

Dated: December 1, 2011.

                LARKINS VACURA LLP

                /s/ Christopher J. Kayser
                Christopher J. Kayser, OSB #984244
                Joseph D. Mueller, OSB #111780
                Attorneys for U.S. Bank National Association

## CERTIFICATE OF SERVICE

I am over the age of 18 and am not a party to the within action. I am employed in Multnomah County, State of Oregon, and my business address is 621 SW Morrison St., Suite 1450, Portland, Oregon 97205.

On December 1, 2011, I served the following document(s):

**DEFENDANT U.S. BANK'S OPPOSITION TO PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT**

on the party or parties listed on the following page(s) in the following manner(s):

☐ **BY HAND DELIVERY:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by messenger to the street address(es) indicated on the attached service list.

☐ **BY FEDERAL EXPRESS:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by Federal Express to the street address(es) indicated on the attached service list.

☒ **BY FIRST-CLASS MAIL:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be deposited in the United States mail at Portland, Oregon, with first-class postage thereon fully prepaid and addressed to the street address(es) indicated on the attached service list.

☐ **BY FACSIMILE:** For each party, I caused a copy of the document(s) to be sent by facsimile to the facsimile number(s) indicated on the attached service list. If this action is pending in Oregon state court, then printed confirmation of receipt of the facsimile generated by the transmitting machine is attached hereto.

☐ **BY E-MAIL:** For each party, I caused a copy of the document(s) to be sent by electronic mail to the e-mail address(es) indicated on the attached service list. If this action is pending in Oregon state court, then I received confirmation that the e-mail was received.

☐ **BY ECF:** For each party, I caused a copy of the document(s) to be sent by electronic mail via ECF to the e-mail address(es) indicated on the attached service list.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

/s/ Christopher J. Kayser
Christopher J. Kayser

Lawrence James Saccato
6387 Old Hwy 99S
Roseburg Oregon 97470

Page 2 – Certificate of Service