**Christopher J. Kayser,** OSB #984244
cjkayser@larkinsvacura.com
**Joseph D. Mueller** OSB #111780
jmueller@larkinsvacura.com
**Larkins Vacura LLP**
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
Telephone:  503-222-4424
Facsimile:  503-827-7600
Attorneys for U.S. Bank National Association

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **LAWRENCE JAMES SACCATO,** | |
| Plaintiff Pro Se, | Case No. 6:10-cv-06244-HO |
| v. | |
| **DAVIS LAW FIRM**, | DEFENDANT U.S. BANK'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT |
| Defendant, | |
| **U.S. BANK NATIONAL ASSOCIATION N.D.,**   Co-Defendant. | |
| **DOES 1 THROUGH 10.** | |

      U.S. Bank moved for summary judgment on plaintiff's FCRA claim—his only discernible legal claim against U.S. Bank—because U.S. Bank did precisely what it was required to do under the FCRA.  When plaintiff complained to Credit Reporting Agencies (CRAs) that he did not "recall" a U.S. Bank account appearing on his credit report and those CRAs passed that along to U.S. Bank, U.S. Bank conducted an investigation and determined that plaintiff had several U.S. Bank credit card accounts with significant liabilities—confirming that those accounts were being accurately reported as belonging to plaintiff.  Under the FCRA, U.S. Bank

was required to do no more. Plaintiff's Opposition never discusses and therefore never disputes that his claim fails to meet even the most basic elements of an FCRA claim which were discussed at length in U.S. Bank's Motion. (*See* Amended Memo. in Supp. (Dkt. No. 70) at 6-9.) Plaintiff's Opposition instead rambles through a variety of irrelevant issues, and only merits brief attention with respect to two issues here.

First, an FCRA claim against a furnisher may only be brought against a furnisher who reported *inaccurate* information. *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 29 (1st Cir. 2010). In his Opposition, plaintiff has not even addressed the applicable legal standard, nor offered any explanation for how he overcomes the simple fact that the information reported by U.S. Bank was accurate.[1] His dispute letters simply stated that he could not "recall" an unspecified U.S. Bank account. But plaintiff has no evidence to rebut U.S. Bank's proof that he did own all accounts reported as his. (*See* Amended Memo. in Supp. (Dkt. No. 70) at 9-10.) In fact, plaintiff's Opposition completely ignores his burden to show actual inaccuracy of the reported information. Because plaintiff fails the threshold requirement of proving that the information reported was inaccurate, U.S. Bank should be granted summary judgment.

Second, plaintiff also continues to ignore another key element of an FCRA claim which requires that he allege and prove that a CRA reported the relevant dispute of inaccurate reporting by the furnisher to the furnisher. (*See* U.S. Bank's Am. Memo. in Supp. (Dkt. No. 70) at 10-11.) Plaintiff's vague dispute letters that he did not "recall" an account with U.S. Bank were inadequate to trigger a duty by U.S. Bank to conduct any investigation more than simply confirming that the accounts were his. Thus, even if Mr. Saccato had any evidence that the

---

[1] In fact, in one of his own Motions for Summary Judgment, plaintiff seems to concede his ownership of the accounts—the only issue he ever even arguably disputed—and instead attempts to raise an issue with the *balances* of the accounts. In U.S. Bank's Opposition to plaintiff's three summary judgment motions, U.S. Bank explains why that newly-raised argument also plainly fails as a matter of law. (*See* Dkt. No. 81 at 3-5.)

DEFENDANT U.S. BANK'S REPLY IN SUPPORT OF ITS	Page 2
MOTION FOR SUMMARY JUDGMENT

information reported was false—which he plainly does not—his FCRA claim would still fail because he has not alleged facts that would require U.S. Bank to investigate further.

Because plaintiff has presented no evidence to create a material dispute of fact in this case, defendant U.S. Bank respectfully requests that this Court grant U.S. Bank judgment as a matter of law.

Dated:  December 2, 2011.

                    LARKINS VACURA LLP

                    /s/ Christopher J. Kayser
                    Christopher J. Kayser OSB #984244
                    Joseph D. Mueller, OSB #111780
                    Attorneys for U.S. Bank National Association

# CERTIFICATE OF SERVICE

I am over the age of 18 and am not a party to the within action. I am employed in Multnomah County, State of Oregon, and my business address is 621 SW Morrison St., Suite 1450, Portland, Oregon 97205.

On December 2, 2011, I served the following document(s):

**DEFENDANT U.S. BANK'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

on the party or parties listed on the following page(s) in the following manner(s):

☐ **BY HAND DELIVERY:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by messenger to the street address(es) indicated on the attached service list.

☐ **BY FEDERAL EXPRESS:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by Federal Express to the street address(es) indicated on the attached service list.

☒ **BY FIRST-CLASS MAIL:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be deposited in the United States mail at Portland, Oregon, with first-class postage thereon fully prepaid and addressed to the street address(es) indicated on the attached service list.

☐ **BY FACSIMILE:** For each party, I caused a copy of the document(s) to be sent by facsimile to the facsimile number(s) indicated on the attached service list. If this action is pending in Oregon state court, then printed confirmation of receipt of the facsimile generated by the transmitting machine is attached hereto.

☐ **BY E-MAIL:** For each party, I caused a copy of the document(s) to be sent by electronic mail to the e-mail address(es) indicated on the attached service list. If this action is pending in Oregon state court, then I received confirmation that the e-mail was received.

☐ **BY ECF:** For each party, I caused a copy of the document(s) to be sent by electronic mail via ECF to the e-mail address(es) indicated on the attached service list.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

/s/ Christopher J. Kayser
Christopher J. Kayser

Page 1 – Certificate of Service

Lawrence James Saccato
6387 Old Hwy 99S
Roseburg Oregon 97470

Page 2 – Certificate of Service