UNITED STATES DISTRICT COURT
FOR OREGON
EUGENE DIVISION

HONORABLE JUDGE MICHAEL R. HOGAN

| | |
|---|---|
| Lawrence James Saccato § | |
|    Plaintiff ProSe' § | Case No:10-CV-06244-HO |
| § | |
| Vs. § | |
| § | RESPONSE TO DEFENDANT |
| § | U.S. BANK'S OPPOSITION |
| U.S. Bank National Association N.D. § | TO PLAINTIFF'S "AMENDED |
| § | MEMORANDUM IN SUPPORT |
|    Co-Defendant § | OF MOTION FOR SUMMARY |
| § | JUDGMENT" |

Defendant U.S. Bank, has yet again expressed confusion in its opposition to "Plaintiffs Amended Memorandum in Support of Summary Judgment". They appear to be attempting to obfuscate the facts and basis of the Plaintiff's complaint once again. Despite the inference that the Defendant has always remained in full compliance with the FCRA, it also appears that it remains unclear of its obligations under the FCRA. The facts in this case are not as complicated as the Defendant's Counsel would like to have the Court to believe. Having said that, a brief response is warranted.

As previously stated, the reason for the Plaintiff's "Amended Memorandum in Support of Motion for Summary Judgment", was to incorporate excerpts from the transcript from Mrs. Stephanie Buckley's Deposition.  The deposition was delayed due to the schedules of the Defendant's Vice President, Mrs Stephanie Buckley and the Defendant's Counsel Mr. Kayser. Plaintiff had not received the transcript of Mrs Buckley's Deposition until after the dispositive motion deadline had lapsed.

It matters little how much the Defendant and it's Counsel wish to contort the laws prescribed by Congress to dismiss or discard their violations, the Legislative intent is quite clear. The Defendants duties are defined by Congress and are very clearly written in black and white. Plaintiff, in good faith, will make the effort to once gain bring clarity for the Court, and especially to the Defendant of its duties and obligations, the following extracts are from the FCRA, http://www.ftc.gov/os/statutes/fcradoc.pdf.

"15 U.S.C. § 1681s-2 § 623 (8) Ability of Consumer to Dispute Information Directly with Furnisher.

> (E) Duty of person after receiving notice of dispute. After receiving a notice of dispute from a consumer pursuant to subparagraph (D), the person that provided the information in dispute to a consumer reporting agency shall–
>
> (I) conduct an investigation with respect to the disputed information;
>
> (iii) complete such person's investigation of the dispute and report the results of the investigation to the consumer before the expiration of the period under section 611(a)(1) within which a consumer reporting agency would be required to complete its action if the consumer had elected to dispute the information under that section;

> (b) Duties of Furnishers of Information upon Notice of Dispute
>
> (1) *In general.* After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];
>
> (2) *Deadline.* A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

Plaintiff has previously covered in his Motion for Summary Judgment, (Doc #74, and supporting documentation Doc # 76), the standards required for compliance with the FCRA. The facts presented, that the Defendant by its own admissions, records and testimony, were contacted by the CRA's, (Doc #88 Pg 12.), did not conduct the required investigation, (Doc #88 pgs 13, 14.), did not conduct the required re-investigation,(Doc #88 pgs 13, 14).

The Defendant also did not report the findings of the investigation to the Consumer Reporting Agencies and the Consumer as required under the FCRA and E-Oscar Policy guidelines, (Doc 88 pgs 5, 15).

Plaintiff also clearly and conclusively illustrated with the exhibits and testimony presented, that the Defendant also violated the FCRA requirements by reporting erroneous and inaccurate information including but not limited to notifying the CRA's of the dispute (Doc 63, pgs 13, 14, 24, 25).

Throughout this entire case the Plaintiff has time and time again shown that the Defendant, U.S. Bank, and its Counsel have little regard for the law. Not only did the Defendant violate the laws that are at the center of this case, it also violated the law by accessing the Plaintiff's credit report with an impermissible purpose during litigation, (Docs # 31, 58), and Defendant docketed the Plaintiff's personal information without redacting 27 instances of sensitive information, causing yet additional harm to the Plaintiff, (Docs. # 49, #50, #53 (Sealed))

The Defendant's continued wilful and negligent actions show that it has little regard for the law, and as previously stated, when challenged on the violations of their duties, they just hire a high priced law firm to obfuscate the facts regarding the violations almost to the point of questionable ethical violations.

The Defendants's Vice President, Mrs. Buckley testified that they had been contacted by both the Plaintiff, and the Credit Reporting Agencies, (Doc. #88 pgs. 7, 12,13,14,15). She also testified that their official records did not contain any notations or other evidence of the required investigation was completed during the time prescribed by the FCRA, (Doc. #88 pg. 14).

The Defendant, U.S. Bank, after producing 1300 pages of discovery documentation, has been unable to provide one single document evidencing that it conducted the investigations or re-investigations as required. They were also unable to produce any response letter to the Plaintiff, both required under the FCRA and the E-Oscar procedure policy requirements, (Doc. 88 pg. 5 at #5, #6), that were required to be kept on site for 2 years and offsite for 6 years.

The Plaintiff provided the Defendant every opportunity to produce the required documents to disprove its guilt, and which would have proven it's compliance with the Law. The Defendant could not, see Plaintiff's Motion to Compel (Doc. #62). The Court agreed with Defendant that all documents had been reasonably produced, which effectively eliminated any defense for Defendants Willful Noncompliance §616, and Negligent Noncompliance §617 violations and secured Plaintiff's right to a Summary Judgment in its favor.

For the above reasons, those discussed in prior briefings, and as a matter of Law, Plaintiff respectfully requests that the Court deny the Defendants Motion for Summary Judgment, and grant Summary Judgment(s) in favor of the Plaintiff.

Respectfully submitted this 22th day of December, 2011.

*Lawrence Saccato*
Lawrence James Saccato pro se'
C/o 6387 Old Hwy 99 S
Roseburg Oregon 97470
541-784-2284 mess.
ljsaccato@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copies of the forgoing RESPONSE TO DEFENDANT U.S. BANK'S OPPOSITION TO PLAINTIFF'S "AMENDED MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT" in case No. 10-06244-HO, was sent by First Class Mail with postage prepaid through the United States Post Office to:

Clerk of the Court
Wayne L. Morse
United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401

Chris Kayser for
U.S. Bank National Association N.D.
621 SW Morrison St. Suite 1450
Portland, Oregon 97205

They were deposited in the United States Post Office in Oregon, Oregon on December 22, 2011.

*LAWRENCE SACCATO*
Lawrence James Saccato, Plaintiff
c/o 6387 Old Highway 99 S
Roseburg, Oregon 97471
541-784-2284 mess.
ljsaccato@gmail.com