IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| LAWRENCE JAMES SACCATO, | ) | CASE NO. 10-6244-HO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, ND, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

*Pro se* plaintiff Lawrence Saccato's amended complaint alleges violations of the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA), by defendant U.S. Bank National Association ND (US Bank). [#21]. Defendant's Motion for Summary Judgment [#47] and plaintiff's three Motions for Summary Judgment [#58; #63; #74], are currently before the court.

ORDER -1

## DISCUSSION

### A.  Standard for Summary Judgment:

Summary judgment is proper when it is shown that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact is "material" if it is relevant to an element of a claim or a defense, the existence of which may affect the outcome of the suit. *T.W. Elec. Serv. Inc. v. Pacific Elec Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987). Materiality is determined by the substantive law governing a claim or a defense. *Id.* The evidence and all inferences drawn from it must be construed in the light most favorable to the nonmoving party. *Id.*     To carry its burden of production on summary judgment adjudication, a moving party "must either produce evidence negating an essential element of the nonmoving party's claim or_defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. V. Fritz Companies Inc.,* 210 F.3d 1099, 1102 (9th Cir. 2000). Thus, the moving party must persuade the court that there is no genuine issue of  material fact. *Nissan Fire,* 210 F.3d at 1102. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986).

ORDER -2

**B.   Undisputed Facts:**

Plaintiff is a consumer under the Fair Credit Reporting Act (FCRA). [#60]. Defendant is a furnisher as defined by the FCRA and regularly furnishes information to credit reporting agencies (CRAs). [#24-p.2, ¶3].

In June 2009 and again in April 2010, plaintiff sent letters of dispute to each of three CRAs[1].  [#21-p.2, ¶5; #86-p.2].  The letters simply stated :

"This is a letter of dispute.
I recently pulled my credit report and found that US Bank is reporting derogatory information in my account.
I do not recall ever having this account and dispute this."
[#48-Ex.1].

Defendant US Bank received notice of plaintiff's general dispute from Experian and Transunion on April 21, 2010.  [#49-p.2, ¶5].  Defendant conducted an investigation and reported the results of its investigation to both CRAs on April 23, 2010. [#49-p.2, ¶5].  Later, US Bank located the account statements for the disputed accounts, identified plaintiff as the primary account holder for four credit card accounts, identified purchases of airlines tickets made for plaintiff using one of the accounts and located copies of checks drawn on plaintiff's checking accounts to pay down the balance on some of the accounts. [#49-p.2 and Exs. A,

---

[1]    Plaintiff sent letters of dispute to Experian, Equifax and Transunion.  [#86-p.2].

ORDER -3

B and C].

In deposition, when asked if the accounts were his, plaintiff responded that he would neither confirm nor deny his ownership of the accounts and would need to see the "wet ink" signature on the applications to the accounts in order to ascertain that they were his accounts.  [#48-Ex.2-pp.5-7].

## C.   **Fair Credit Reporting Act:**

The Fair Credit Reporting Act ("FCRA"), was enacted to "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  15 U.S.C. §§ 1651-1651x; *Gorman v. Wolpoff & Abramson*, 584 F.3d 1147- 53 (9th Cir. 2009).  The FCRA regulates credit reporting agencies to guarantee that consumer information is assembled, evaluated, and disseminated with "fairness, impartiality, and a respect for the consumer's right to privacy."  *Id.*

The FCRA "imposes some duties on the sources that provide credit information to CRAs[.]"  *Id.*  These sources, which the statute refers to as "furnishers of information," are most commonly "credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies."  *Gorman,* 584 F.3d at 1154,n.3.  It is undisputed that defendant US Bank is a furnisher under the FCRA.

Furnishers of information are subject to two distinct

ORDER - p.4

categories of responsibilities under 15 U.S.C. §1681s-2. Actions under subsection (a) are limited to those initiated by state or federal agencies. 15 U.S.C. §1681s-2(d). Private causes of action are limited to claims arising under subsection (b), which states that a furnisher's relevant responsibilities are triggered by notice from a CRA informing the furnisher that a consumer disputes the information provided[2]. 15 U.S.C. §1681s-2(b).

To prevail on a claim against a furnisher, a consumer must first prove that the furnisher provided inaccurate information to the CRA. 15 U.S.C. §1681s-2(b). Next, the consumer must prove that once the CRA notified the furnisher of that dispute, the furnisher failed to conduct a reasonable investigation into the accuracy of the disputed information and that the consumer is therefore entitled to damages sustained as a result of the

---

[2]     After receiving the requisite notice of a dispute from a CRA, the furnisher must:
"(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the [CRA] pursuant to 15 U.S.C. §1681 i(a)(2) . . .;
(C) report the results of the investigation to the [CRA];
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information ...; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) ... (i) modify ... (ii) delete [or] (iii) permanently block the reporting of that item of information [to the CRAs]."

15 U.S.C. §1681s-2(b)(1); see also *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir.2002).

ORDER - p.5

furnisher's conduct. *Gorman,* 584 F.3d at 1153-54; see also
*Johnson v. Wells Fargo Home Mortg. Inc.,* 558 F.Supp..2d 1114, 1121
(D.Nev.2008).

    1.    Motions for Summary Judgment:

    Defendant moves for Summary Judgement arguing that plaintiff
cannot satisfy key elements of a FRCA claim because US Bank
accurately reported his accounts to the CRA and upon notice of his
dispute, conducted a reasonable investigation. [#50]. Plaintiff
responds that the issue of whether defendant's investigation was
reasonable is a jury question and thus unsuitable for summary
judgment. [#67].

    It is true that summary judgment is usually an inappropriate
way to decide questions of reasonableness because of the jury's
unique competence in applying the "reasonable man standard."
*Gorman*, 583 F.3d at 1157. "However, summary judgment is not
precluded altogether on questions of reasonableness. It is
appropriate when only one conclusion about the conduct's
reasonableness is possible." *Id.*

    In the instant case, plaintiff dissembles about whether the
accounts are in fact his and there is sufficient indicia in the
record before the court that precludes much debate on that issue.
Further plaintiff has not alleged or attempted to prove that
defendant's information supplied to the CRA was inaccurate.

ORDER - p.6

Rather, plaintiff attempts to dodge the issue by arguing that the defendant should have conducted a reasonable investigation when alerted to his dispute. [#86].

In considering the issue of whether US Bank's investigation was reasonable, I note that plaintiff's broadly general letter of dispute gave no details about account numbers or specifically disputed charges, payments or balances. In response to this general letter, US Bank conducted an investigation that confirmed that the relevant accounts were plaintiff's and reported that to the CRAs. Plaintiff does not offer any suggestions of what he believes defendant should have done in response to his very general letters of dispute and relies on assertions that the detailed investigation done by defendant after the commencement of this action somehow demonstrates the unreasonable nature of its previous investigation in response to the CRA notices.

After review of the considerable record before me, I conclude that there is insufficient evidence to support essential elements required to carry plaintiff's ultimate burden of persuasion at trial. In other words, a jury could not find that US Bank's report was inaccurate or their investigation done in response to the CRA notice was unreasonable.

Because defendant is entitled to summary judgment on all claims against it, I deny plaintiff's Motions for Summary Judgment [#58; #63; #74] as moot.

ORDER - p.7

## Conclusion

Defendant's Motion for Summary Judgment [#47] is GRANTED. Plaintiff's Motions for Summary Judgment [#58; #63; #74] are DENIED. This action is dismissed with prejudice.

IT IS SO ORDERED

DATED this _____ day of January, 2012.

Michael C. Hogan

UNITED STATES DISTRICT JUDGE

8